112 P.3d 739

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Ronald GOMES, Defendant–Appellant.**

No. 26466.

Intermediate Court of Appeals of Hawai'i.

March 23, 2005.

Certiorari Granted April 13, 2005.

Ronald Gomes, pro se, on the briefs, defendant-appellant.

Arleen Y. Watanabe, Deputy Prosecuting Attorney, County of Maui, on the briefs, for plaintiff-appellee.

BURNS, C.J., and LIM, J.; with NAKAMURA, J., concurring separately.

Opinion of the court by LIM, J.

Ronald Gomes (Gomes, Appellant or Petitioner) appeals (S.C. No. 26466), *pro se,* the March 8, 2004 order of the Circuit Court of the Second Circuit[1] that denied his "Petition to Correct Illegally Imposed Sentence and Conviction Pursuant to Hawaii Appellate [sic] Procedure Rule 35."[2]  We affirm.

## I.  Background.

We first encountered this case more than a decade ago, in S.C. No. 16476:

---

1. The Honorable Shackley F. Raffetto presided.

2. Hawai'i Rules of Penal Procedure Rule 35 (2003) provides:

    (a) Correction of Illegal Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.  A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules.  A motion to correct a sentence that is made within the 90 day time period shall empower the court to act on such motion even though the time period has expired.

    (b) Reduction of Sentence.  The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction.  A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired.  The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

We granted Ronald Gomes's application for certiorari after the Intermediate Court of Appeals (ICA) affirmed the order of the second circuit court denying Gomes's Hawai'i Rules of Penal Procedure (HRPP) Rule 32(d) motion to withdraw his *nolo contendere* plea (Motion). Based on our review of the record, we vacate the ICA's decision and order that it be depublished.

. . . .

Gomes was charged by complaint [in Cr. No. 91–0374(2) ] with Sexual Assault in the First Degree, Hawai'i Revised Statutes (HRS) § 707–730 (Supp.1992), and Murder in the Second Degree, HRS § 707–701.5 (Supp.1992), allegedly committed on November 24, 1991, on the island of Maui. At the time of the alleged offense, Gomes was in the company of Lucio Gonzalez [Gonzalez] and James Houdasheldt [Houdasheldt].

After initially pleading not guilty, Gomes changed his plea on the murder charge to *nolo contendere,* or "no contest," on June 26, 1992. In exchange for the change of plea, the prosecution dropped the sexual assault charge.

The change of plea hearing was conducted in accordance with Rule 11(c), HRPP (1988); however, Gomes did not explicitly admit guilt nor did he furnish the court with his version of the incident. Instead, and at the court's request, the prosecutor summarized the particulars of the offense. The essence of the prosecutor's description was that Gomes and Gonzalez both sexually assaulted the victim at knife point. Gomes then purportedly restrained the victim while Gonzalez stabbed her repeatedly. . . .

*State v. Gomes,* 79 Hawai'i 32, 33, 897 P.2d 959, 960 (1995) (footnotes omitted). Ultimately, the supreme court held:

Based on the foregoing analysis, we hold that because Gomes has provided plausible and legitimate reasons to support the withdrawal of his *nolo contendere* plea and the prosecution has failed to show prejudice, the circuit court abused its discretion in denying his motion. Therefore, we vacate the judgment of conviction, remand to the circuit court for issuance of an order granting Gomes's HRPP Rule 32(d) motion to withdraw his *nolo contendere* plea, and order the ICA's decision depublished.

*Gomes,* 79 Hawai'i at 40, 897 P.2d at 967.

On remand, and pursuant to a jury's verdict, the circuit court convicted Gomes of the charged offense of sexual assault in the first degree and the included offense of reckless manslaughter. At the July 2, 1996 sentencing hearing, the circuit court first entertained the State's June 27, 1996 motion for extended terms of imprisonment, in which the State had alleged that Gomes was a "multiple offender" under HRS § 706–662(4)(a) (Supp.1992).[3] Defense counsel noted that the State's motion had been filed "at the last possible 15 minutes or so, late Thursday, two working days before the sentencing." However, defense counsel stated, "I'm prepared to respond orally to that." The circuit court noted that the State's motion was predicated upon the proposition that Gomes was a "multiple offender." The circuit court commented, "He is being sentenced for two or more felonies. No question about that." At the conclusion of the lengthy sentencing hearing, the circuit court granted the State's motion, and sentenced Gomes accordingly to concurrent, extended terms of life with the possibility of parole for

**3.** Hawaii Revised Statutes § 706–662 (Supp. 1992) provided, in pertinent part:

A convicted defendant may be subject to an extended term of imprisonment under section 706–661, if the convicted defendant satisfies one or more of the following criteria:

(1) The defendant is a persistent offender whose imprisonment for an extended term is necessary for protection of the public. The court shall not make such a finding unless the defendant has previously been convicted of two felonies committed at different times when the defendant was eighteen years of age or older.

. . . .

(4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public. The court shall not make such a finding unless:

(a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony . . .

the sexual assault and twenty years for the manslaughter.

On direct appeal (S.C. No. 20010) from the July 5, 1996 judgment of conviction and sentence, Gomes alleged three trial and sentencing errors. One of them was whether the circuit court had erred in granting the State's motion for extended terms of imprisonment. Gomes made many arguments in support of this particular point of error, most notably the following: Gomes complained that he was not given adequate notice of nor opportunity to be heard on the State's motion. He also noted, "Appellant had no prior felony record whatsoever." S.C. No. 20010 Opening Brief at 29. Gomes advised that the predicate finding—"that a sentence of imprisonment for an extended term is necessary for protection of the public[,]" HRS § 706–662(4)—could not be made unless proved by the State beyond a reasonable doubt.

The supreme court disposed of Gomes's direct appeal via summary disposition order, as follows: "Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments made and the issues raised by the parties, IT IS HEREBY ORDERED that the judgment(s) or order(s) from which the above-captioned appeal is taken is hereby affirmed." *State v. Gomes*, No. 20010, 90 Hawai'i 472, 979 P.2d 68 (Haw. filed October 7, 1998) (SDO) (format modified; capitalization in the original). A notice and judgment on appeal affirming the July 5, 1996 judgment was filed on October 22, 1998.

On July 7, 1999, Gomes, newly *pro se*, initiated S.P.P. No. 99–0008(2), with a motion to correct or reduce sentence brought "pursuant to [HRPP] Rule 35." For no apparent reason, Gomes cited HRS § 706–606.5(1)(a) (Supp.1992)—the repeat offender, mandatory minimum term sentencing statute—and argued, in pertinent part, that

sentencing of a convicted felon to an extended term, shall only be permitted when the convict had prior felony convictions, in either the instant jurisdiction, or some other prior jurisdiction.

Petitioner herin [sic], had no prior conviction which would give eligibility to an extended term of imprisonment conviction [emphasis added].

**Petitioner hereby challenges the sentence imposed in Count One, Sexual Assault in the First Degree, Life with the possibility of parol.** This sentence had been imposed as an extended term, and is illegal pursuant HRS § 706–606.5(1)(a).

(Bolding and latter brackets in the original.) On July 30, 1999, the circuit court summarily denied Gomes's motion, "pursuant to the Notice and Judgment on Appeal from the Supreme Court filed on October 22, 1998, affirming the judgment, guilty conviction and sentence of the Second Circuit Court."

Continuing *pro se* on appeal (S.C. No. 22774) of the circuit court's denial of his motion to correct or reduce sentence, Gomes argued, in relevant part, that (1) he could not be convicted of the sexual assault because it was the greater offense of, or merged into, the lesser included offense of manslaughter, under HRS §§ 701–109(1)(a) and –109(1)(e) (1985), respectively; and (2) the circuit court erred in granting the State's motion for extended terms, because (a) he was not given adequate notice of nor opportunity to be heard on the State's motion, (b) he was never previously convicted of a felony, and (c) the State must prove all of the bases for an extended term beyond a reasonable doubt. To support issue (2)(b), Gomes cited the "persistent offender" basis for an extended term contained in HRS § 706–662(1) (Supp. 1992)—inexplicably, because the State had moved for and the circuit court had imposed his extended terms on the "multiple offender" basis contained in HRS § 706–662(4)(a).

The supreme court summarily affirmed the circuit court's denial of Gomes's motion to correct or reduce sentence, concluding that "(1) the circuit court did not err in allowing Gomes to be convicted of both sexual assault in the first degree in violation of HRS § 707–730 and manslaughter in violation of HRS § 707–702; and (2) the circuit court did not err in imposing extended terms of imprisonment pursuant to HRS § 706–662(4)." *Gomes v. State*, No. 22774, 93 Hawai'i 332, 3 P.3d 50 (Haw. filed June 28, 2000) (SDO).

On October 5, 2000, Gomes, still *pro se*, filed a petition for writ of *habeas corpus* in the federal district court (Civil No. 00–00652 SOM–BMK). For his grounds, Gomes wrote:

> The conviction of Manslaughter, and Sexual Assault stem from the same crime, and are one and the same crime and not two distinct and different crimes.
>
> Without committing the crime Sexual Assault, there would or could have been no Manslaughter. As one offense led to the other, each offense is related to each other, and must be considered one offense.
>
> Petitioner had been illegally sentenced to an Extended term contrary to guidelines pursuant to statute[.]
>
> Statute clearly states that a person may be sentenced to an extended term of ocnfinement [sic], if that person is a repeat offender, or has a history of violant [sic] behavior, and must be considered a danger to the community. This **is not** the case at the case at bar.

(Preprinted matter omitted; bolding in the original.) In a brief in support of his petition, Gomes once again argued that (1) he could not be convicted of both offenses because "Sexual Assault and Manslaughter are included offenses, if committed in the same crime [sic] period"; and (2) his prison terms could not be extended because he had no previous felony convictions. On issue (2), Gomes argued for the first time that his prison terms were unconstitutionally extended because the factual bases therefor had not been charged and had been found by the judge instead of the jury, citing the recent *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *State v. Tafoya*, 91 Hawai'i 261, 982 P.2d 890 (1999), and other related cases.

On March 21, 2003, the federal district court[4] denied Gomes's *habeas corpus* petition. First, the federal district court concluded that "the Double Jeopardy Clause does not bar Gomes' convictions for manslaughter and sexual assault." Second, the federal district court held that Gomes's extended terms were "not illegal." On the

second point, the federal district court noted, "Gomes' sentence was not enhanced pursuant to [HRS] § 706–606.5(1)(a), but instead under section 706–662(4)(a), which allows for enhanced sentencing when the 'defendant is being sentenced for two or more felonies.' " (Citation to the record omitted.) Also on the second point, the federal district court explained:

> Gomes' *Apprendi/Tafoya* argument was not raised in his appeal to the Hawaii Supreme Court. As the F & R [the magistrate's findings and recommendation] noted, Gomes was required to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1). After a *de novo* review of the record, the court agrees with the F & R that Gomes did not exhaust his administrative remedies as to his *Apprendi/Tafoya* argument. Gomes has not demonstrated that he cannot bring [an HRPP] Rule 40 motion in the Hawaii state courts. Accordingly, and for the reasons set forth in the F & R, which the court adopts, the court dismisses Gomes' *Apprendi/Tafoya* argument based on his failure to exhaust his state judicial remedies.

(Footnote omitted.)

On April 21, 2003, Gomes filed a "Notice of Certiorari" to the United States Court of Appeals for the Ninth Circuit. However, on April 22, 2003, the federal district court denied him a certificate of appealability. Gomes then filed a May 16, 2003 notice of appeal to the Ninth Circuit. On July 28, 2003, the Ninth Circuit replied: "The request for a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2)."

On December 22, 2003, Gomes, continuing *pro se*, filed the petition underlying this appeal, a "Petition to Correct Illegally Imposed Sentence and Conviction Pursuant to Hawaii Appellate [sic] Procedure Rule 35." Gomes asserted that his State and federal constitutional rights to due process and against double jeopardy had been violated, "when petitioner convicted [sic] of Sexual Assault in the First Degree after these charges had been dropped in an earlier plea agreement." "Furthermore," Gomes averred, "the Court

---

4. The Honorable Susan Oki Mollway presided.

erred when sentencing petitioner to an Extended Term of incarceration in bothe [sic] the conviction of Sexual Assault in the First Degree, as well as the conviction of Manslaughter. Petitioner was not a repeat offender which could have given way to this sentence." Also on the latter point, Gomes reiterated the *Apprendi/Tafoya* arguments he had made to the federal district court.

On March 8, 2004, the circuit court denied Gomes's petition, finding as follows:

> After his change of plea and prior to sentencing and dismissal of the sexual assault count, Gomes moved to withdraw his no contest plea. The trial court denied Gomes' motion, but the Hawaii Supreme Court later reversed the trial court and Gomes was properly tried on all charges contained in the indictment.

> The jury convicted Gomes of Sexual Assault in the First Degree and Manslaughter. While these offenses were committed in the same criminal transaction, they were not the same conduct, one being sodomy and the other being a reckless killing. Therefore, Gomes was not prosecuted nor was he sentenced for two offenses resulting from the same conduct. His Double Jeopardy rights were not violated.

> The trial court made extensive findings in sentencing Gomes to an extended term of imprisonment under HRS Section 706–662(4)(a), including the need for the protection of members of the public from Gomes' criminality. None of the factors referenced by the trial court in imposing the extended sentence were required to be found by the jury. The trial court made its findings after notice to Gomes by the State of its intent to seek extended term sentencing and after a hearing held for that purpose.

Gomes filed his notice of this appeal on March 22, 2004.

## II. Discussion.

On appeal, Gomes again invokes his State and federal constitutional rights to due process and against double jeopardy, but here by way of what appears to be umbrella authority for all specific issues presented.

Gomes states the issues presented for review as follows:

1. Appellant had been convicted of Sexual Assault in the First Degree after the State had struck this charge down in an earlier agreement;

2. Appellant had been sentenced to an Illegally Imposed Extended Term Sentence;

3. Appellant had been sentenced to an Extended Term of Imprisonment by judge instead of by jury, and finerly [sic]

4. Appellant had been Illegally Sentenced to an Extended Term of Imprisonment when appellant had been claiming innocence throughout his jury trial.

Opening Brief at 4.

As to issue 1, Gomes avers:

> A plea bargain is not a commercial exchange. It is an instrument for the enforcement of the criminal law. What is at stake for the defendant is his liberty. On rescission of the agreement, the prisoner can never be returned to his "original position", he has served time by reason of his guilty plea and his surrender of basic constitutional rights, the time he has spent in prison can never be restored, nor can his cooperation in his punishment. What is at stake for the government is its interest in securing just punishment (sic) for violation of the law and its interest that an innocent act not be punished at all.

Opening Brief at 6 (parenthetical in the original).

On issue 2, Gomes once again cites the "persistent offender" basis for extended term sentencing contained in HRS § 706–662(1), and in that regard again informs us that he had no prior felony convictions. He also avers, again, that "the relevant issues should be established by the state beyond a reasonable doubt before the trial court will impose an extended term of incarceration." Opening Brief at 10. Finally, but again, Gomes complains that he was not given adequate notice of nor opportunity to be heard on the State's motion for extended terms of imprisonment.

With respect to issue 3, Gomes essentially repeats his *Apprendi/Tafoya* arguments, but

here enhanced in his estimation by cases decided since his writ of *habeas corpus* was denied, including *Blakely v. Washington*, 542 U.S. 296, ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).

On issue 4, we quote the argument:

Appellant in his jury trial had claimed total innocence in the murder and sexual assault of [the victim]. The evidence presented in his appeal of the change of plea motion in *State v. Gomes*, [79 Hawai'i 32, 897 P.2d 959 (1995) ], will prove that appellant did not took [sic] part in the killing, nor did he sexually assaulted [sic] [the victim], but any and all sexual activity had been forced upon him.

. . . .

(1) Gonzalez forced [the victim] to engage in a sex act with appellant at knife point;

(2) Appellant had not intended to engage in the act and intended to disuade [sic] Gonzalez from using the knife;

(3) Appellant did not assist Gonzalez in the killing of [the victim];

(4) Gonzalez performed all of the acts necessary to kill [the victim] without the assistance of anyone else, and

(5) Houdasheldt assisted Gonzalez in disposing of the body.

As appellant did not (sic) force [the victim] to perform any sex act, but in reality, Gonzalez forced at knife point [the victim] upon appellant to perform oral sex on appellant, the conviction of Sexual Assault in the First Degree is not a valid conviction, and the sentencing of appellant to an Extended Term of incarceration (Life) is therefore an overreached prosecution by the State.

Opening Brief at 5–7 (parentheticals in the original).

We disagree with Gomes's contentions because they are all—in the final analysis on the merits—clearly unavailing.

■ On issue 1, we conclude that once Gomes had withdrawn his no contest plea, the State was constitutionally free to try him on the sexual assault charge it had dismissed pursuant to the plea bargain:

Familiar and basic principles of law reinforced by simple justice require that when an accused withdraws his guilty plea the *status quo ante* must be restored. When a plea agreement has been rescinded the parties are placed by the law in the position each had before the contract was entered into. Here defendant agreed to plead guilty to murder in order to obtain a reciprocal benefit: the forbearance of the prosecutor in not amending the information to seek the death penalty. When a defendant withdraws his plea, the prosecutor is no longer bound; counts dismissed may be restored.

*State v. Mara*, 102 Hawai'i 346, 360, 76 P.3d 589, 603 (App.2003) (internal citations and block quote format omitted) (quoting *People v. Superior Court*, 131 Cal.App.3d 256, 257–59, 182 Cal.Rptr. 426, 427–28 (1982)).

■ As to issue 2, Gomes's contentions thereon—which are primarily predicated upon his erroneous reference to the HRS § 706–662(1), "persistent offender" basis for extended term sentencing—have been rejected by the supreme court again, *State v. Gomes*, No. 20010, and again. *Gomes v. State*, No. 22774. On this issue, the supreme court's rulings are the law of the case, *Jordan v. Hamada*, 64 Haw. 446, 450, 643 P.2d 70, 73 (1982) ("a determination of a question of law made by an appellate court in the course of an action becomes 'the law of the case' and may not be disputed by a reopening of the question at a later stage of litigation" (citation and block quote format omitted)), from which we will not stray. *Cf. id.* (while "the doctrine [of the law of the case] may allow reconsideration of decided matters in the interest of judicial expediency, we see no reason apparent from the record in this case for reopening legal issues decided and disposed of" (citation omitted)).

With respect to Gomes's issue 3, the *Apprendi/Tafoya* arguments he makes on appeal have since been foreclosed. *Compare U.S. v. Booker*, —— U.S. ——, —— – ——, 125 S.Ct. 738, 749–50, 160 L.Ed.2d 621, (2005):

. . . . This conclusion rests on the premise, common to both systems, that the relevant sentencing rules are mandatory and im-

pose binding requirements on all sentencing judges.

If the [Federal Sentencing] Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing . a sentence within a statutory range. *See Apprendi,* 530 U.S. at 481, 120 S.Ct. 2348, [147 L.Ed.2d 435]; *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act of 1984] the provisions that make the Guidelines binding on district judges.... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

*With* HRS § 706–662(4)(a):

A convicted defendant *may* be subject to an extended term of imprisonment under section 706–661, if the convicted defendant satisfies one or more of the following criteria:

. . . .

(4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless:

(a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony ...

(Emphasis supplied.) *See also State v. Rivera,* 106 Hawaiʻi 146, 162–63, 102 P.3d 1044, 1060–61 (2004); *State v. Kaua,* 102 Hawaiʻi 1, 12–13, 72 P.3d 473, 484–85 (2003); *State v. Carvalho,* 101 Hawaiʻi 97, 111, 63 P.3d 405, 419 (App.2002).

With regard to Gomes's final issue 4, we are reminded, quite simply, that the jury found him guilty. *See State v. Kido,* 102 Hawaiʻi 369, 379 n. 16, 76 P.3d 612, 622 n. 16 (App.2003) ("[t]he jury, as the trier of fact, is the sole judge of the credibility of witnesses or the weight of the evidence" (citation omitted)).

### III. Conclusion.

Accordingly, the March 8, 2004 order of the circuit court is affirmed.

Concurring Opinion of NAKAMURA, J.

I join in the majority opinion except with respect to its discussion of Defendant–Appellant Ronald Gomes' issue 3, the *Apprendi/Tafoya* claim. As to that issue, I concur in the result reached but do not join in the majority's citation to *United States v. Booker,* —— U.S. ——, —— -- ——, 125 S.Ct. 738, 749–50, 160 L.Ed.2d 621, (2005), as supporting authority for its decision.