113 P.3d 184
**STATE of Hawai'i, Plaintiff–Appellee–Respondent,**

**v.**

**Ronald GOMES, Defendant–Appellant–Petitioner.**

No. 26466.

Supreme Court of Hawai'i.

May 26, 2005.

Reconsideration Denied June 22, 2005.

Ronald Gomes, on the writ, pro se.

MOON, C.J., LEVINSON, and NAKAYAMA, JJ.; and ACOBA, J., concurring separately, with whom DUFFY, J., joins.

Opinion of the Court by LEVINSON, J.

On April 6, 2005, the defendant-appellant-petitioner Ronald Gomes filed an application for a writ of certiorari, requesting that we review the published opinion of the Intermediate Court of Appeals (ICA) filed on March 23, 2005 (the ICA's opinion, 107 Hawai'i 253, 112 P.3d 739, 2005 WL 668610, ), affirming the March 8, 2004 order of the circuit court of the second circuit, the Honorable Shackley F. Raffetto presiding, denying Gomes's petition to correct illegally imposed sentence and conviction, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35.

In his application, Gomes merely states that he "hereby seeks to raise these issues in the Supreme Court of the State of Hawaii."

On April 12, 2005, we granted certiorari solely to clarify the issue of whether relief under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), may be afforded on collateral attack. In accordance with the decision of the United States Court of Appeals for the Ninth Circuit in *United States v. Sanchez–Cervantes,* 282 F.3d 664 (9th Cir.2002), we conclude that it may not. We express no opinion at this time, however, regarding the applicability of the United States Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to this court's analysis of the viability of our statutory extended term sentencing scheme, as elucidated in *State v. Kaua,* 102 Hawai'i 1, 72 P.3d 473 (2003), and *State v. Rivera,* 106 Hawai'i 146, 102 P.3d 1044 (2004). Accordingly, we hold that the ICA erred in reaching the merits of Gomes's *Apprendi* claim, but we nevertheless affirm the ICA's published opinion for the reasons stated in this opinion.

## I. BACKGROUND

As a preliminary matter, we adopt the following unchallenged factual background, in

abbreviated form, as set forth in the ICA's opinion:

Gomes was charged by complaint [in Cr. No. 91–0374(2) ] with Sexual Assault in the First Degree, Hawai'i Revised Statutes (HRS) § 707–730 (Supp.1992), and Murder in the Second Degree, HRS § 707–701.5 (Supp.1992), allegedly committed on [November 24, 1991], on the island of Maui. At the time of the alleged offense, Gomes was in the company of Lucio Gonzalez [Gonzalez] and James Houdasheldt [Houdasheldt].

After initially pleading not guilty, Gomes changed his plea on the murder charge to *nolo contendere,* or "no contest," on June 26, 1992. In exchange for the change of plea, the prosecution dropped the sexual assault charge.

. . . .

*State v. Gomes,* 79 Hawai'i 32, 33, 897 P.2d 959, 960 (1995) (footnotes omitted). Ultimately, the supreme court ... vacate[d] the judgment of conviction [and] remand[ed] to the circuit court for issuance of an order granting Gomes's HRPP Rule 32(d) motion to withdraw his *nolo contendere* plea[.]

*Gomes,* 79 Hawai'i at 40, 897 P.2d at 967.

On remand, and pursuant to a jury's verdict, the circuit court convicted Gomes of the charged offense of sexual assault in the first degree and the included offense of reckless manslaughter. At the July 2, 1996 sentencing hearing, the circuit court first entertained the State's June 27, 1996 motion for extended terms of imprisonment, in which the State had alleged that Gomes was a "multiple offender" under HRS § 706–662(4)(a) (Supp.1992). ... The circuit court noted that the State's motion was predicated upon the proposition that Gomes was a "multiple offender." The circuit court commented, "He is being sentenced for two or more felonies. No question about that." ... [T]he circuit court granted the State's motion, and sentenced Gomes accordingly to concurrent, extended terms of life with the possibility of parole for the sexual assault and twenty years for the manslaughter.

On direct appeal (S.C. No. 20010) from the July 5, 1996 judgment of conviction and sentence, ... [t]he supreme court[,] ... via summary disposition order, ... affirmed. *State v. Gomes,* No. 20010, 90 Hawai'i 472, 979 P.2d 68 (Haw. filed October 7, 1998) (SDO) . . . .

On July 7, 1999, Gomes, ... *pro se,* initiated S.P.P. No. 99–0008(2), with a motion to correct or reduce sentence brought "pursuant to [HRPP] Rule 35." ... On July 30, 1999, the circuit court summarily denied Gomes's motion[.] ...

Continuing *pro se* [,] ... [Gomes] appeal[ed] (S.C. No. 22774) ... the circuit court's denial of his motion to correct or reduce sentence[.] ...

The supreme court summarily affirmed the circuit court's denial of Gomes's motion to correct or reduce sentence, concluding that "(1) the circuit court did not err in allowing Gomes to be convicted of both sexual assault in the first degree in violation of HRS § 707–730 and manslaughter in violation of HRS § 707–702; and (2) the circuit court did not err in imposing extended terms of imprisonment pursuant to HRS § 706–662(4)." *Gomes v. State,* No. 22774, 93 Hawai'i 332, 3 P.3d 50 (Haw. filed June 28, 2000) (SDO).

On October 5, 2000, Gomes, still *pro se,* filed a petition for writ of *habeas corpus* in the federal district court (Civil No. 00–00652 SOM–BMK). . . . Gomes argued for the first time that his prison terms were unconstitutionally extended because the factual bases therefor had not been charged and had been found by a judge instead of a jury, citing the recent *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *State v. Tafoya,* 91 Hawai'i 261, 982 P.2d 890 (1999), and other related cases.

On March 21, 2003, the federal district court denied Gomes's *habeas corpus* petition[,] ... conclud[ing] that "the Double Jeopardy Clause does not bar Gomes' convictions for manslaughter and sexual assault[,]" ... [and holding] that Gomes's extended terms were "not illegal." ... [T]he federal district court explained:

Gomes' *Apprendi/Tafoya* argument was not raised in his appeal to the Hawaii Supreme Court. As the F & R [the magistrate's findings and recommendation] noted, Gomes was required to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1). After a *de novo* review of the record, the court agrees with the F & R that Gomes did not exhaust his administrative remedies as to his *Apprendi/Tafoya* argument. Gomes has not demonstrated that he cannot bring [an HRPP] Rule 40 motion in the Hawaii state courts. Accordingly, and for the reasons set forth in the F & R, which the court adopts, the court dismisses Gomes' *Apprendi/Tafoya* argument based on his failure to exhaust his state judicial remedies.

On April 21, 2003, Gomes filed a "Notice of Certiorari" to the United States Court of Appeals for the Ninth Circuit.... On July 28, 2003, the Ninth Circuit replied: "The request for a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2)."

On December 22, 2003, Gomes, continuing *pro se*, filed the petition underlying this appeal, a "Petition to Correct Illegally Imposed Sentence and Conviction Pursuant to Hawaii Appellate [sic] Procedure Rule 35."[1] Gomes asserted that his State and federal constitutional rights to due process and against double jeopardy had been violated, "when petitioner convicted [sic] of Sexual Assault in the First Degree after these charges had been dropped in an earlier plea agreement." "Furthermore," Gomes averred, "the Court erred when sentencing petitioner to an Extended Term of incarceration in bothe [sic] the conviction of Sexual Assault

in the First Degree, as well as the conviction of Manslaughter. Petitioner was not a repeat offender which could have given way to this sentence." ...

On March 8, 2004, the circuit court denied Gomes's petition[.] ... Gomes filed his notice of this appeal on March 22, 2004.

ICA's opinion, at 253–57, 112 P.3d at 739–43 (footnotes and some quotation signals omitted) (some brackets added and some in original).

On appeal, Gomes argued, *inter alia*, that he had been unconstitutionally sentenced to an extended term of imprisonment by a judge rather than a jury. ICA's opinion, at 257–58, 112 P.3d at 743–44. The ICA resolved Gomes's argument as follows:

... Gomes essentially repeats his *Apprendi/Tafoya* arguments, but here enhanced in his estimation by cases decided since his writ of *habeas corpus* was denied, including *Blakely v. Washington*, [542 U.S. 296, ——,] 124 S.Ct. 2531, 2537, [159 L.Ed.2d 403].

. . . .

... [T]he *Apprendi/Tafoya* arguments [Gomes] makes on appeal have since been foreclosed. *Compare U.S. v. Booker*, [—— U.S. ——, —— – ——,] 125 S.Ct. 738, 749–50, [160 L.Ed.2d 621] (2005):

... This conclusion rests on the premise, common to both systems, that the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges.

If the [Federal Sentencing] Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selec-

---

1. On December 22, 2003, when Gomes filed his HRPP Rule 35 motion, Rule 35 had been amended as of July 1, 2003 to provide, *inter alia*, that "[a] motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules." HRPP Rule 40(a), as amended effective July 1, 2003, provides in relevant part:

(1) ... At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:

(i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai'i[.]

. . . .

(3) ... Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, [or] in a habeas corpus proceeding ....

tion of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. *See Apprendi*, 530 U.S. at 481, 120 S.Ct. 2348, [147 L.Ed.2d 435]; *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act of 1984] the provisions that make the Guidelines binding on district judges.... For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

*With* HRS § 706–662(4)(a):

A convicted defendant *may* be subject to an extended term of imprisonment under section 706–661, if the convicted defendant satisfies one or more of the following criteria:

. . . .

(4) The defendant is a multiple offender whose criminal actions were so extensive that a sentence of imprisonment for an extended term is necessary for protection of the public. The court shall not make this finding unless:

(a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for felony ...

(Emphasis supplied.) *See also State v. Rivera*, 106 Hawai'i 146, 162–63, 102 P.3d 1044, 1060–61 (2004); *State v. Kaua*, 102 Hawai'i 1, 12–13, 72 P.3d 473, 484–85 (2003); *State v. Carvalho*, 101 Hawai'i 97, 111, 63 P.3d 405, 419 (App.2002).

ICA's opinion, 258–59, 112 P.3d at 744–45 (some ellipses points added and some in original) (emphasis in original). On April 6, 2005, Gomes timely filed an application for a writ of certiorari. On April 12, 2005, we granted certiorari.

## II. STANDARD OF REVIEW

Appeals from the ICA are governed by HRS § 602–59(b) (1993), which prescribes that an

application for writ of certiorari shall tersely state its grounds which must include (1) grave errors of law or of fact, or (2) obvious inconsistencies in the decision of the intermediate appellate court with that of the supreme court, federal decisions, or its own decision, and the magnitude of such errors or inconsistencies dictating the need for further appeal.

*In re Jane Doe, Born on June 20, 1995*, 95 Hawai'i 183, 189, 20 P.3d 616, 622 (2001).

## III. DISCUSSION

■ At the time of Gomes's trial and sentencing, judge-imposed extended term sentencing had not yet been called into question by the United States Supreme Court's decision in *Apprendi*. Gomes filed a petition for a writ of *habeas corpus* in the United States District Court for the District of Hawai'i shortly after the Supreme Court ruled in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Following the Hawai'i federal district court's denial of Gomes's *habeas corpus* petition for failure to raise his *Apprendi/Tafoya* argument in his appeal to this court, Gomes filed his second HRPP Rule 35 motion to correct an illegally imposed sentence in the Hawai'i circuit court. The circuit court denied Gomes's HRPP Rule 35 motion on the merits, and on appeal, the ICA affirmed the circuit court's denial of Gomes's motion, also on the merits. Before we can reach the merits of Gomes's claim, we must determine whether the ruling in *Apprendi* applies retroactively to petitions collaterally attacking previously-imposed sentences. In our view, it does not. Accordingly, we hold that the ICA erred in reaching the merits of Gomes's appeal from the circuit court's denial of his HRPP Rule 35 motion, but we nonetheless

affirm the ICA's opinion on the grounds stated herein.[2]

The Ninth Circuit held in *Sanchez–Cervantes* that the new rule of criminal procedure announced in *Apprendi* does not apply retroactively on initial collateral review. 282 F.3d at 671. The United States District Court for the District of Hawai'i observed in *Kaua v. Frank* that review of Kaua's *habeas corpus* petition was not a prohibited retroactive application of *Apprendi.* "Because *Apprendi's* new rule was announced before Kaua's state court judgment became final, the court is not faced with the issue of whether *Apprendi* applies to a collateral review of Kaua's judgment. *See Teague v. Lane,* 489 U.S. 288, 310–13, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)." *Kaua v. Frank,* 350 F.Supp.2d 848, 853 n. 1 (D.Haw.2004). "While retroactive application of *Apprendi* to initial petitions for collateral review is barred, *see United States v. Sanchez–Cervantes,* 282 F.3d 664, 667 (9th Cir.2002), that bar does not apply here." *Id.* at 853.

We note that this court addressed the merits of Kaua's *Apprendi* claim in his appeal of the denial of his HRPP Rule 35 motion in *State v. Kaua,* 102 Hawai'i at 13, 72 P.3d at 485. For clarification, we emphasize that we reached the merits of Kaua's *Apprendi* claim because *Apprendi* was decided while Kaua's direct appeal was pending before this· court. Therefore, because Kaua's appeal was *not* final prior to the announcement of the rule in *Apprendi,* our *Apprendi* analysis in *State v. Kaua* did *not* constitute a retroactive analysis of *Apprendi* applicability on collateral attack.

■ "Application of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." *Teague,* 489 U.S. at 309, 109 S.Ct. 1060, 103 L.Ed.2d 334. We now adopt the reasoning of the Ninth Circuit in *Sanchez–Cervantes,* which evaluated the propriety of *Apprendi's* retroactive application within the framework of the Supreme Court's decision in *Teague.*

In *Teague v. Lane,* the Supreme Court held that new constitutional rules of criminal procedure that had not been announced at the time the defendant's conviction became final cannot be applied retroactively on collateral review unless they fit within one of two narrow exceptions. These exceptions exist if a new rule (1) "places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) "requires the observance of those procedures that ... are implicit in the concept of ordered liberty." Thus, in order to apply the rule of *Apprendi* retroactively, we must determine that *Apprendi* is a new rule of criminal procedure that fits into one of *Teague's* exceptions.

*Sanchez–Cervantes,* 282 F.3d at 667. The Ninth Circuit held that because "*Apprendi* neither decriminalized drug possession or drug conspiracies nor placed such conduct beyond the scope of the state's authority to proscribe[,] ... the first [*Teague*] exception does not apply here." *Id.* at 668. The Ninth Circuit further held that *Apprendi* is not a "watershed rule[ ] of criminal procedure" enabling it to be applied retroactively under *Teague's* second exception. *Id.* Inasmuch as "[t]he application of *Apprendi* only affects the enhancement of a defendant's sentence once he or she has already been convicted beyond a reasonable doubt[,]" *id.* at 671, it does not fit within *Teague's* limited exceptions to the bar against retroactive application of new constitutional rules of criminal procedure.

Moreover, the United States Courts of Appeal that have addressed the issue have likewise held that *Apprendi* does not apply retroactively on collateral attack. *See In re Tatum,* 233 F.3d 857, 858 (5th Cir.2000) (holding that the Supreme Court has not expressly stated that the holding of *Apprendi* may be applied retroactively on collateral review and denying defendant's motion for leave to file a "successive" motion to vacate sentence); *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000) ("If the Supreme Court

---

**2.** For an analysis of the impact of *Apprendi* and its progeny on our extended term sentencing scheme, *see State v. Kaua,* 102 Hawai'i 1, 72 P.3d

473 (2003), and *State v. Rivera,* 106 Hawai'i 146, 102 P.3d 1044 (2004).

ultimately declares that *Apprendi* applies retroactively on collateral attack, we will authorize successive collateral review of cases to which *Apprendi* applies. Until then prisoners should hold their horses and stop wasting everyone's time with futile applications."); *Sepulveda v. United States*, 330 F.3d 55, 63 (1st Cir.2003) ("We hold, without serious question, that *Apprendi* prescribes a new rule of criminal procedure, and that *Teague* does not permit inferior federal courts to apply the *Apprendi* rule retroactively to cases on collateral review."); *United States v. Sanders*, 247 F.3d 139, 149–51 (4th Cir. 2001), *cert. denied*, 534 U.S. 1032, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001) (holding that *Apprendi* rule does not apply retroactively on collateral review); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir.2001), *cert. denied*, 534 U.S. 1097, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002) ("[W]e hold today that *Apprendi* is not of watershed magnitude and that *Teague* bars petitioners from raising *Apprendi* claims on collateral review."); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001), *cert. denied*, 536 U.S. 906, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002) (holding, *inter alia*, that defendant's *Apprendi* claim is barred by *Teague's* non-retroactivity standard).

In the present matter, Gomes was sentenced and his direct appeal became final years before the announcement of the Supreme Court's rule in *Apprendi*. Therefore, by any construction of *Apprendi*, Gomes's sentence could not have been illegal at the time the circuit court imposed it. Hence, there was no merit to Gomes's subsequent HRPP Rule 35 claim based on *Apprendi*, *Apprendi* not having established a new rule of criminal procedure that fits within one of *Teague's* exceptions. That being the case, we hold that the *Apprendi* rule, however it may be construed, is not controlling retroactively on collateral attack. Thus, the ICA should not have reached the merits of Gomes's *Apprendi/Tafoya* claim.

## IV. CONCLUSION

For the foregoing reasons, we hold that *Apprendi* does not apply retroactively in this jurisdiction to cases on collateral attack. Accordingly, we affirm the ICA's opinion, although on the grounds stated in this opinion. We also affirm the ICA's opinion with respect to the non-*Apprendi*-related points of error that Gomes raised in his appeal.

Concurring Opinion by ACOBA, J., in which DUFFY, J., joins.

I continue to adhere to the position taken in my dissent in *State v. Rivera*, 106 Hawai'i 146, 102 P.3d 1044 (2004). However, in the absence of a mandate "that the states retroactively apply a new [federal] constitutional rule [of procedure] for criminal cases[,] ... applicable ... through the fourteenth amendment[,]" *State v. Garcia*, 96 Hawai'i 200, 213 n. 19, 29 P.3d 919, 932 n. 19 (2001), I concur in the result.