NO. 30028

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SAOFAIGA LOA, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0029 (CR NO. 92-2001))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard, Ginoza, JJ.)

Petitioner-Appellant Saofaiga Loa (Loa) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief (Order Denying Petition), which was filed on August 13, 2009, in the Circuit Court of the First Circuit (circuit court).[1] We affirm.

I.

The facts regarding Loa's underlying criminal case were described by the Hawai'i Supreme Court as follows:

> In the early morning hours of July 3, 1992, Loa and two of his male companions attacked a couple--the complainant and her male companion, a legally blind person-- in the park on Magic Island, which is located in the City and County of Honolulu. During the course of the attack, the complainant was repeatedly sexually assaulted (including [numerous and different acts of sexual penetration]--all by "strong compulsion"), stabbed in the back with a knife, and left naked and bleeding on the beach. Her automobile was stolen. Her male companion was also stabbed repeatedly and left to die. During their ordeal, the complainant and her male companion were continually taunted by their attackers about their ethnicity and imminent deaths. Remarkably, both victims survived.

State v. Loa, 83 Hawai'i 335, 339, 926 P.2d 1258, 1262 (1996).

After a jury trial,[2] Loa was found guilty of one count of attempted manslaughter, one count of first degree robbery, six

_____

[1] The Honorable Michael D. Wilson presided.

[2] The Honorable James R. Aiona, Jr., presided over Loa's criminal trial and sentencing.

counts of first degree sexual assault, and one count of kidnapping. Respondent-Appellee State of Hawaii (State) moved for extended terms of imprisonment pursuant to Hawaii Revised Statutes (HRS) §§ 706-661 and 706-662(4) and (5) (1993) and further moved that the terms of imprisonment imposed on Loa be served consecutively. The circuit court granted the State's motions for extended term sentencing, based on Loa's status as multiple offender under HRS § 706-662(4), and for consecutive sentencing. The circuit court sentenced Loa to seven extended terms of life imprisonment with the possibility of parole for his class A felonies (first degree sexual assault and first degree robbery) and two extended terms of twenty years of imprisonment for his class B felonies (attempted manslaughter and kidnapping), all terms to run consecutively.

Loa filed a direct appeal from his convictions and sentences. On November 6, 1996, the Hawai'i Supreme Court issued a published opinion that vacated Loa's conviction and sentence for attempted reckless manslaughter, which the supreme court held was a non-existent offense, and affirmed the circuit court's judgment and sentence in all other respects. Loa, 83 Hawai'i at 361, 926 P.2d 1284. There is no indication that Loa petitioned for writ of certiorari to the United States Supreme Court.

II.

On July 25, 2008, Loa filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition), pursuant to Hawaii Rules of Penal Procedure (HRPP) Rule 40 (2006). On August 13, 2009, the circuit court denied the claims raised by Loa in his Petition and issued its Order Denying Petition.

The gist of Loa's arguments on appeal, as it was in the circuit court, is that: 1) Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny apply retroactively to Loa's case to invalidate his extended terms of imprisonment; 2) based on State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (Maugaotega II), the version of the extended term statute under which Loa was

2

sentenced, Hawaii Revised Statutes (HRS) § 706-662 (1993), was void *ab initio*, and thus his extended term sentences must be vacated and ordinary term sentences imposed; and 3) based on Apprendi and its progeny, the circuit court's imposition of consecutive sentences was unconstitutional because it was not based on facts found by a jury.

Upon careful review of the record and the briefs submitted by the parties, we hold as follows:

1. Apprendi and its progeny do not apply retroactively to Loa's collateral attack on his extended term sentences because his convictions and sentences became final before Apprendi was decided. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005). Maugaotega II, which was based on Cunningham v. California, 549 U.S. 270 (2007), a progeny of Apprendi, likewise does not apply retroactively to Loa's collateral attack of his extended term sentences. See Gomes, 107 Hawai'i at 312-14, 113 P.3d at 188-90; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54; Cruz, 423 F.3d at 1120-21.

2. The version of HRS § 706-662 under which Loa was sentenced was not void *ab initio*. See State v. Jess, 117 Hawai'i 381, 388-89, 406-15, 184 P.3d 133, 140-41, 158-67 (2008); State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54. Loa's convictions and extended term sentences became final before the United States Supreme Court announced its new constitutional rule of criminal procedure in Apprendi v. New Jersey, 530 U.S. 466 (2000), and thus Loa's extended term sentences were constitutional and legal when imposed. See Gomes, 107 Hawai'i at 314, 113 P.3d at 190.

In Jess, the Hawai'i Supreme Court held that the trial court had the authority to resentence Jess to extended terms of imprisonment pursuant to the former version of the extended term

3

sentencing statute, HRS § 706-662 (Supp. 1996), which was in effect in 2000 when Jess committed the charged offenses, by invoking its inherent judicial power to empanel a jury to make the "necessity" finding. Jess, 117 Hawai'i at 388-89, 410-13, 184 P.3d at 140-41, 162-65; see also State v. Mark, No. 26784, slip op. at 97-101, 2010 WL 1888944, at *45-47 (Hawai'i May 12, 2010). The supreme court could not have reached this conclusion in Jess if the former versions of HRS § 706-662 were void *ab initio*.

Loa's reliance upon Riley v. Kennedy, 553 U.S. 406, 128 S. Ct. 1970 (2008), is misplaced. The context in which the Court in Riley determined that an Alabama election law was properly regarded as void *ab initio* was far different from Loa's situation. Riley is inapposite and does not support Loa's arguments.

3. Apprendi and its progeny do not prohibit the sentencing court from making factual findings necessary to impose consecutive sentences. See State v. Kahapea, 111 Hawai'i 267, 278-80, 141 P.3d 440, 451-53 (2006) (dismissing the proposition that Apprendi or Blakely v. Washington, 542 U.S. 296 (2004), proscribes consecutive term sentencing by a trial judge); Oregon v. Ice, --- U.S. ---, ---, 129 S. Ct. 711, 714-15 (2009) (confirming the constitutionality of the practice of allowing sentencing courts to determine the facts necessary to impose consecutive sentences); see also State v. Hussein, --- Hawai'i ---, ---, 229 P.3d 313 (2010) (upholding trial judge's imposition of consecutive sentences). Accordingly, the circuit court's determination that Loa's sentences should be served consecutively and its imposition of consecutive sentences did not violate the constitution.[3]

---

[3] We are not persuaded by Loa's contention that a 2003 unpublished memorandum opinion by the Hawai'i Supreme Court in State v. Sua, No. 24501 (Hawai'i December 30, 2003), supports his claim that Apprendi should be applied retroactively to his collateral attack of his sentences. Sua was not sentenced to an extended term of imprisonment, and the supreme court affirmed

(continued...)

III.

The circuit court's August 13, 2009, Order Denying Petition is affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2010.

On the briefs:

Saofaiga Loa
Petitioner-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

---

[3/] (...continued)
the trial court's imposition of consecutive sentences. The supreme court did not hold that Apprendi applied retroactively to Sua's collateral attack of his sentences, but merely cited Apprendi in support of its conclusion that Sua possessed a colorable claim with respect to the validity of his mandatory minimum term of imprisonment that entitled him to a hearing. Under Hawaiʻi Rules of Appellate Procedure Rule 35(c)(1) (2008), Loa cannot cite the unpublished decision in Sua as precedent or for persuasive value. Moreover, the supreme court subsequently issued a published opinion in Gomes holding that Apprendi does not apply retroactively to cases on collateral attack. Gomes, 107 Hawaiʻi at 312-14, 113 P.3d at 188-90.