**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000297**
**27-APR-2026**
**08:02 AM**
**Dkt. 48 SO**

NO. CAAP-24-0000297

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILLIE J. JONES, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPN-22-0000031)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Petitioner-Appellant Willie J. Jones (**Jones**), self-represented, appeals from the April 4, 2024 Order Denying [Jones's] Petition for Post-Conviction Relief, Filed November 17, 2022, Without a Hearing (**Order Denying Sixth Rule 40 Petition**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Jones's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) in numerous ways, including a failure to include a statement of points of error on appeal. Nonetheless, we address the argument raised in Jones's appeal to the extent discernible. See State v. Croke,

---

[1] The Honorable Rowena A. Somerville presided.

CAAP-23-0000105, 2024 WL 304009 *2 n.6 (Haw. App. Jan. 26, 2024) (SDO).  It appears that Jones contends that his extended term sentence was unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), because a judge, not a jury, found the facts necessary to support the imposition of an extended term.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Jones's appeal as follows:

First, we note that this argument appears to have been raised and ruled on in conjunction with Jones's prior Hawaiʻi Rules of Penal Procedure Rule 40 petitions.

Moreover, this argument has no merit.  The Hawaiʻi Supreme Court has held that Apprendi does not apply retroactively to cases that became final before the United States Supreme Court announced its rule in Apprendi in 2000.  See State v. Gomes, 107 Hawaiʻi 308, 314, 113 P.3d 184, 190 (2005) ("In the present matter, Gomes was sentenced and his direct appeal became final years before the announcement of the Supreme Court's rule in Apprendi.  Therefore, by any construction of Apprendi, Gomes's sentence could not have been illegal at the time the circuit court imposed it.").

Here, Jones was sentenced and his direct appeal became final in 1997, years before the announcement of the rule in Apprendi.

Accordingly, the Circuit Court's April 4, 2024 Order Denying Sixth Rule 40 Petition is affirmed.

DATED:  Honolulu, Hawaiʻi, April 27, 2026.

On the briefs:

Willie J. Jones,
Petitioner-Appellant, pro se

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge