STATE OF HAWAII, Plaintiff-Appellee, *v.* WILLIAM LLEWELYN BANNISTER, Defendant-Appellant

NO. 6712

MAY 1, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
AND RETIRED JUSTICE MARUMOTO
IN PLACE OF KIDWELL, J., ABSENT*

*Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY RICHARDSON, C.J.

William Llewelyn Bannister was convicted of first degree theft in a jury-waived trial.

We reverse.

The section of the first degree theft statute under which the defendant was charged, HRS § 708-831(1)(b), requires that the defendant commit theft of "property or services the value of which exceeds $200."

Bannister stole an undetermined number of aloha-print shorts. The retail value of the shorts was $6.50 each. The main question at trial was how many shorts were stolen. The only evidence that would support a conviction was the testimony of the manager of the apparel company that 53 shorts were missing. This was determined by subtracting the number counted by the manager after the theft from the number counted by the receiving man who recorded the number on an invoice the day before the theft. However, when the manager was questioned as to how many shorts were received she did not remember. In addition, the manager did not bring the invoice to court. At that point, defense counsel objected to the manager's testimony because it lacked a proper foundation.

There are two issues:

I. Whether the State proved that the value of the goods stolen by Bannister exceeded $200; and

II. Whether the Double Jeopardy Clause of the Fifth Amendment bars a new trial where reversal is based on the government's failure to present sufficient evidence.

I.

The appellant contends that the manager's testimony was inadmissible because it lacked a sufficient foundation. We agree.

Testimony based on information supplied by another person that is not in evidence is inadmissible. The rationale is that the witness' knowledge is based on hearsay evidence and

the trier of fact is unable to test the source's trustworthiness. This proposition is subject to the regular hearsay exceptions. J. WIGMORE, 2A TREATISE ON THE ANGLO-AMERICAN SYSTEM OF EVIDENCE IN TRIALS AT COMMON LAW § 665 (3d ed. 1940).

The manager's testimony was based solely upon the receiving man's recording on the invoice. The invoice was not in evidence. None of the hearsay exceptions applied. Thus, the testimony was inadmissible.

Since the manager's testimony was the only evidence of the number of shorts stolen that would support the conviction and a necessary element of the crime was the value of the stolen goods, the State failed to prove every element of the crime beyond a reasonable doubt. *State v. Cuevas*, 53 Haw. 110, 488 P.2d 322 (1972).

## II.

Although the appellant did not raise the double jeopardy issue, we address it because the analysis in Part I, *supra*, requires a reversal of the judgment. Thus, we were presented with either remanding the case for a new trial or instructing the trial court to enter a judgment of acquittal.

Where the judgment is reversed for insufficiency of the evidence, as opposed to reversal for trial error, the Double Jeopardy Clause of the Fifth Amendment prevents a new trial. The appellant does not waive this right by moving for a new trial. *Burks v. United States*, 46 U.S.L.W. 4632 (June 14, 1978).

The public policy behind the double jeopardy rule is ". . . to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Id.* at 4634, *citing Green v. United States*, 355 U.S. 184, 187 (1957).

The prohibition against double jeopardy applies where the reversal is based on insufficiency of evidence because:

> Since we necessarily afford absolute finality to a jury's verdict of acquittal — no matter how erroneous its deci-

> sion — it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

*Id.* at 4636. However, the prohibition does not apply where judgment is reversed for a trial error because the effect of the decision does not constitute a failure of the government to prove its case. *Id.* at 4635.

The prohibition against double jeopardy where reversal is based on insufficiency of evidence is absolute. The appellate court cannot remand the case even where a new trial appears equitable. *Id.* at 4634 n. 6. Furthermore, this prohibition applies only where the insufficiency of evidence is such that the appellate court finds that the government failed to prove its case beyond a reasonable doubt. *Id.* at 4636 n. 10.

The double jeopardy prohibition under the Fifth Amendment applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 793-96 (1969). Thus, the above-mentioned rules established in *Burks v. United States, supra*, which defines the scope of the double jeopardy clause under the Fifth Amendment, applies to the states.

In this case, the judgment must be reversed for insufficiency of evidence. Part I, *supra*. Thus, an application of the above-mentioned rules set forth in *Burks v. United States, supra*, to these circumstances mandates that a judgment of acquittal be entered for the defendant.

We reverse the judgment and remand the case with instructions to enter a judgment of acquittal for the defendant Bannister.

*Dale W. Lee (Ukishima & Matsubara*, of counsel) for defendant-appellant.

*Robert Goldberg*, Deputy Prosecuting Attorney *(Stanley H. C. Young*, Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.