STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD RAPOZO, Defendant-Appellant

NO. 7412

OCTOBER 15, 1980

PADGETT, ACTING C.J., BURNS, J. AND
CIRCUIT JUDGE WAKATSUKI IN PLACE OF
CHIEF JUDGE HAYASHI, DISQUALIFIED

*Per Curiam.* Appellant was convicted of the charge of Murder in the First Degree. He appeals on the ground that he did not have the effective assistance of counsel at trial. We disagree and affirm.

On the evening of August 15, 1978, appellant was at the Waimanalo Gym. He purchased a pistol outside the Gym and tucked it in his pants. He consumed some beer during the course of the evening. A girls' volleyball game was in progress in the Gym and appellant had been in the Gym playing with the girls for about an hour when he allegedly became obnoxious and was asked to leave. As he walked away, he was confronted by one Robert Lee, whom he had never met. Lee was fatally wounded by the first bullet fired from appellant's gun which struck him in the stomach. After Lee had fallen, the appellant shot him two more times. On the question of whether the appellant drew his gun and shot Lee the first time or whether the first shot resulted from Lee's attempt to seize the gun and the resulting struggle, the evidence was conflicting.

Appellant's claim upon appeal is that he was denied the effective assistance of counsel at his trial. In support of this, he points to several instances occurring during the trial and particularly urges that the defense of intoxication as precluding the state of mind required for the commission of murder (see *State v. Tyrrell*, 60 Haw. 17, 586 P.2d 1028 (1978) ) should have been the main thrust of the defense at trial rather than the defense of accident.

As the Supreme Court of this State has recently said:

> The burden of establishing ineffective assistance of counsel rests upon the appellant. . . .His burden is twofold: First, the appellant must establish specific errors or omissions of defense counsel reflecting counsel's lack of skill, judgment or diligence. . . .Second, the appellant must establish that these errors or omissions resulted in

either the withdrawal or substantial impairment of a potentially meritorious defense.

*State v. Antone*, 62 Haw. 346, 348-49, 615 P.2d 101 (1980). As the Supreme Court also pointed out in *Antone, supra,* defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court.

A review of the record does not indicate that there was any defense in this case which had much likelihood of success. Appellant's own testimony clearly negates any contention that he was so intoxicated that he could not have the requisite intent required to constitute murder in the first degree. While accident was also a defense unlikely to be accepted by the jury in view of the appellant's conduct in shooting the decedent two more times, we cannot say that the decision to emphasize that defense was one which would not be made by diligent, ordinary, prudent lawyers in criminal cases. *State v. Antone, supra.* On a careful review, the various instances of claimed ineptitude by counsel cited by appellant in his brief, and the record as a whole, are insufficient to establish that there was ineffective assistance of counsel under the tests laid down in *State v. Antone, supra.* Accordingly, the judgment below is affirmed.

*Peter L. Steinberg (Jack F. Schweigert* on the opening brief) for defendant-appellant.

*Patrick W. Border,* Deputy Prosecuting Attorney, for plaintiff-appellee.