STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD RAPOZO, Defendant-Appellant

NO. 7412

OCTOBER 15, 1980

PADGETT, ACTING C.J., BURNS, J. AND CIRCUIT JUDGE WAKATSUKI IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

*Per Curiam.* Appellant was convicted of Murder in the First Degree by a judgment of conviction entered on May 16, 1979 from which an appeal was taken. The ground of the appeal was that the appellant lacked the effective assistance of counsel at trial primarily because counsel presented an accident defense rather than a defense of drunkenness. Briefing was concluded on June 17, 1980 and thereafter, in due course, this case was set to be argued on the merits on September 12, 1980.

By a motion filed September 8, 1980, appellant requested that the case be remanded to the circuit court for further hearings based upon his affidavit that his testimony at trial, on the instructions of his then attorney, was perjured and that actually, despite his detailed testimony as to the happening of the homicide, he was without memory of the shooting due to drunkenness. On the morning of the day on which the argument was to be held, and several days before it was due under our rules, a countering affidavit by appellant's former attorney denying his assertions was filed by the State. As we announced at the oral argument, we deny the motion for remand.

There are three reasons which independently and conjunctively impel us to this result. First, our Rule 6(d) provides:

> The moving party shall serve and file with his motion a brief written statement of reasons in support of the motion and the authorities on which he relies.

This was not done here. The proposition that a conviction should be reversed because as a result of subornation of perjury by his counsel the appellant consciously and deliberately lied on the witness stand (thus presenting one defense on the facts to the jury in lieu of another) strikes us as novel indeed. Such a doctrine would seem to encourage perjury, which is scarcely the policy of the law. If there is authority to support such a doctrine and thus to show that the motion had legal substance, it should have been presented to this court. It was not, and lacking such authority, we see no basis legally for such a proposition.

Secondly, the affidavits reveal that the appellant's counsel was aware of appellant's claim nine days after the final brief was filed yet delayed in filing the motion for ten weeks until practically the eve of argument. Under our Rule 6(d), appellee would have had five days *after service* to respond to the motion. Since service was made by mail an additional two days would have had to be added, yet the motion was filed only four days before the hearing date for the argument. We do not wish to give even the appearance of condoning such tactics.

Thirdly, if there is legal substance to appellant's position on the motion, he is not without remedy even after the appeal before us has been disposed of. See, for example, Rule 40, *Hawaii Rules of Penal Procedure*. Accordingly, the motion was and is denied without argument.

*Peter L. Steinberg* (*Jack F. Schweigert* on the motion) for defendant-appellant.