STATE OF HAWAII, Plaintiff-Appellee, *v.* WILLIAM LIMA III, Defendant-Appellant

NO. 7571

MARCH 11, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per- Curiam.* Appellant William Lima, III appeals his conviction for rape in the first degree, *Hawaii Revised Statutes* (HRS) § 707-730. He contends there was not substantial evidence to support the jury's conclusion of guilt beyond a reasonable doubt. We agree and re-verse.

The government's evidence at trial established the following: On April 1, 1979, at approximately 4:00 p.m., 14-year-old Stacey South asked appellant, the husband or ex-husband of Stacey's first cousin, for a ride home from a friend's house. Appellant and his wife or ex-wife lived next door to Stacey. Appellant agreed to the ride and after driving for a short time asked Stacey if she would like to "steal" some marijuana plants with him. She agreed and the two proceeded to the park at the top of St. Louis Heights.

Once at the park, appellant told Stacey to bring her towel to hide the marijuana plants. He led her down a trail to a flat, grassy opening

in the trees approximately 300 yards from a parking lot. Appellant told Stacey to sit down; once seated, the two shared some chewing gum while appellant questioned her about the design on her blouse. After touching the design, he pinned Stacey's shoulder to the ground with his left hand and moved his right hand inside of her blouse to her breast. When she told him to remove his hand, he told her to "shut up" and began to unbutton her shorts. She protested, "Willy, why are you doing this to me, you're my cousin," and began to cry. After removing her shorts and panties, appellant released Stacey and took off his own trousers. Stacey cried, "Don't do it; I have my period", but appellant removed her tampax and completed the carnal act.

According to her testimony at trial, Stacey was "scared to death" during the incident.

After appellant removed himself from Stacey, she wiped herself with the towel she had brought and followed appellant back to the car. He drove her to within a block and a half of her house, at which point she left the car and walked the rest of the way home.

The next day, after discussing the incident with her friends, Stacey made an appointment with the Sex Abuse Treatment Facility at Kapiolani Hospital. At her examination the following day, April 3rd, the doctor confirmed that she recently had sexual intercourse; he also noted that her arms were tender.

As in all cases, the government was bound to prove every element of the crime charged beyond a reasonable doubt in order to convict the appellant. *State v. Napeahi,* 57 Haw. 365, 556 P.2d 569 (1976). On appeal of a criminal conviction, we must determine whether there is substantial evidence to support the jury's verdict. *State v. Kahalewai,* 55 Haw. 127, 516 P.2d 336 (1973).

Appellant was convicted of the offense of rape in the first degree under the following section of HRS § 707-730:

(1)  A male commits the offense of rape in the first degree if:

(a) He intentionally engages in sexual intercourse, by forcible compulsion, with a female and:

(i)  The female is not, upon the occasion, his voluntary social companion who had within the previous twelve months permitted him sexual intercourse. . . .

The question here is whether sufficient evidence was adduced at trial to prove beyond a reasonable doubt that appellant used forcible

compulsion. Under HRS § 707-700(12)

"Forcible compulsion" means physical force that overcomes *earnest resistance;* or a threat, express or implied, that placed a person in *fear of immediate death or serious physical injury to himself. . . .*
(Emphasis supplied).

The instant record contains no evidence that Stacey was in fear of immediate death or serious injury to herself. The record contains one comment that could be interpreted as a threat: appellant's order to Stacey to "shut up" when she told him to remove his hand from her breast; and the only evidence of force is appellant's temporary pinning of Stacey to the ground with his hand while he unbuttoned her shorts. This evidence is not sufficient to constitute fear of immediate death or serious bodily injury.[1] *Compare, State v. Jones,* 62 Haw. 572, 617 P.2d 1214 (1980). In this regard we note that while Stacey testified that she was "scared to death", the prosecutor never asked "why" or "of what".[2]

Thus, we must determine whether the record contains substantial evidence to support a finding that, under part two of the definition of "forcible compulsion", Stacey used "earnest resistance" to counter the use of physical force by appellant.

In *State v. Jones, supra,* our Supreme Court stated:

"Earnest resistance," . . . is a relative term and whether or not the statutory requirement was satisfied must be measured by the

---

[1] HRS § 707-700(3) (1976) defines serious bodily injury to mean "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."

[2] On cross-examination of the complaining witness, defense elicited testimony from her indicating that there had been an earlier incident of some undisclosed nature between herself and appellant when she was in the fourth grade, in the course of which he had had a knife. The prosecution made no attempt to link the knife on that occasion to her fears at the time of the act in question. Given the complaining witness' clear testimony that she solicited the ride home from the appellant; that he proposed and she immediately agreed to the detour to the top of St. Louis Heights to steal marijuana plants; that at his suggestion, she took her towel, got out of the car, walked some 300 yards down a trail with him to a secluded area and sat down voluntarily on the ground with him, we do not see how reasonable minds could conclude that the complaining witness was frightened of the appellant because of any past conduct by him towards her.

circumstances surrounding the alleged assault. Among the factors to be considered are the relative strength of the parties, the age of the female, her physical and mental condition, and the nature and degree of the force used by the assailant. [citations omitted] Resistance may appear to be useless, and may eventually prove to be unavailing, but *there must have been a genuine physical effort on the part of the complainant to discourage and to prevent her assailant from accomplishing his intended purpose.*
(Emphasis supplied). 62 Haw. at 574, 617 P.2d at 1217.

In the present case, the only resistance shown by the record are the victim's pleas to appellant to stop and an attempt to push appellant off of her. The prosecutor failed at trial to include in the record evidence that the victim was infirm in any way that would prevent her from physically resisting her assailant. The force used by appellant when he pinned the victim to the ground with his one hand was not of a degree that would prevent her from struggling, particularly in view of the fact that appellant released Stacey while he removed his own clothing. She did not cry out, attempt to flee or interfere with appellant's removal of her clothing or even her tampax.

Thus, we cannot conclude on the basis of evidence presented by the government at trial, that the victim's resistance, such as it was, was a "genuine physical effort . . . to prevent her assailant from accomplishing his intended purpose." *State v. Jones, supra,* 62 Haw. at 574, 617 P.2d at 1217. Therefore, the finding of "forcible compulsion" is not supported by substantial evidence.

Rape is among the most heinous of crimes under any circumstances, and the perpetration of appellant's wanton act against a fourteen year old girl is abhorrent. Nonetheless, in this case, as in all other criminal cases, the prosecution was bound to prove each element of its case beyond a reasonable doubt. Had the question of the reason or source of the fear expressed by the victim been pursued, it might well have done so. But it did not, leaving us with no choice but to reverse appellant's conviction for rape in the first degree.

Unfortunately, the prosecution likewise failed to prove necessary elements in both of the "lesser included offenses" upon which the jury was instructed. Thus, sexual abuse in the first degree, HRS § 707-736, like rape in the first degree, requires evidence of forcible compulsion. This was the very element which the prosecution failed to prove on the rape charge. The court below also instructed the jury

upon the charge of assault in the third degree, HRS § 707-712, as a lesser included offense.[3] That charge requires proof that the appellant knowingly, willfully and intentionally caused bodily injury to the victim. Bodily injury is defined in HRS § 707-700(2) as physical pain, illness or any impairment of physical condition. Again, the prosecution failed to adduce any evidence to support a finding of bodily injury. Were it in our power to order a retrial, we would do so but in the circumstances, the Constitution's prohibition against double jeopardy prohibits such action. *State v. Bannister*, 60 Haw. 658, 594 P.2d 133 (1979). We note that the prosecution did not charge appellant with sexual abuse in the second degree (i.e. that she was under 16 and more than 14 and he was at least 4 years older). Under HRS § 701-109 he could have been prosecuted in the same case for such offense. The prosecution for some reason chose not to do so and under HRS § 701-109(2) such prosecution is now barred.[4]

Reversed.

*G. Stephen Elisha*, Deputy Public Defender, for defendant-appellant.

*Edward H. Kubo, Jr.*, Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[3] Query whether in law, it is a lesser included offense.

[4] Since the victim was above the age of 14, no prosecution for the so-called crime of "statutory rape," HRS § 707-731, was possible. The criminal code changed the age for such crime from under 16 years of age to under 14 years of age.