STATE OF HAWAII, Plaintiff-Appellee, *v.* MICHAEL MARVIN HEARD, aka TERRANCE LADDY HARRIS, Defendant-Appellant

NO. 7835

CRIMINAL NO. 5527
\
DECEMBER 28, 1981

RICHARDSON, C.J., OGATA, MENOR,
LUM, NAKAMURA. JJ.

*Per Curiam.* In this appeal, defendant-appellant Michael Marvin Heard, also known as Terrance Laddy Harris, is contending that his conviction by a jury for the offense of murder under § 707-701, Hawaii Revised Statutes, resulted from prejudicial evidence admitted against him by the circuit court over his objection. Appellant seeks a reversal of his conviction and a new trial.

Arthur Goldin was killed at the Travel Lodge Motel in Lahaina, Maui, on or about January 4; 1979. Appellant was indicted for the murder of Goldin. On May 2, 1979, appellant was arrested in New York City by the police there. At the time of his arrest, his wallet containing credit cards belonging to the victim was seized in his room by the police without his consent and without a search warrant.

In a pretrial hearing to suppress the seized evidence, a New York police officer testified that the consent to search appellant's room

was given by others who occupied the home with him. Over objection, the trial court admitted the testimony of the police officer and subsequently denied appellant's motion to suppress, concluding that the consent was voluntarily given and that the seized evidence was admissible.

I.

Appellant is now contending that the court erred in admitting hearsay testimony, *State v. Bannister,* 60 Haw. 658, 594 P.2d 133 (1979), thus violating his constitutional right to confrontation. *State v. Kim,* 55 Haw. 346, 519 P.2d 1241 (1974).

Even were we to assume that the court erred in admitting hearsay testimony, the error is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there *is a reasonable possibility that error might have contributed to* conviction. *State v. Pokini,* 57 Haw. 26, 548 P.2d 1402 (1976), *cert. denied,* 429 U.S. 963 (1976); *State v. Huihui, III,* 62 Haw. 142, 612 P.2d 115 (1980).

We disagree with appellant's representation that the only evidence that linked him to the victim was the alleged inadmissible evidence. There were other evidence of substantial weight for the jury to conclude otherwise. Eye witnesses produced by the government placed appellant and the victim at or near the time of death[1] in Lahaina, Maui. Death was established in the evening of January 3, 1979 or early next morning. Appellant and the victim shared Room 115 at the Travel Lodge beginning January 3, 1979 until appellant left Maui two days later. The maintenance man and the maid identified appellant as the person they saw on the morning of January 4, 1979 in Room 115. At that time appellant told them that the victim

---

[1] Appellant's statement to the police which was admitted into evidence denied that he knew victim. In the same statement, appellant claimed that the credit cards were given to him by Robin Porta in payment of a debt. Robin Porta was never located. Appellant also admitted using the credit cards across country from San Francisco to New York.

was working at night and was sleeping.[2] The dead body of the victim was discovered the next day in Room 115. A note found on the door stated, "Will be staying one more day. I work nights so I sleep days. I will pick up the linen tomorrow. Thank you. Art." An expert from the Federal Bureau of Investigation testified that a latent fingerprint and two latent palmprints belonging to appellant were found on the note. The evidence also showed that at noon on January 4, appellant used a Master Charge credit card of victim's father[3] to purchase an airline ticket from Kahului to Honolulu. Three latent fingerprints of appellant were later found on the receipt. There were other testimonies which confirmed that appellant used the same credit card for payment of bills in Reno, Nevada. Traveller's checks belonging to victim were cashed in Honolulu on January 4th or 5th. Appellant's latent fingerprint was found on one of the checks. Evidence was also produced that appellant used a credit card belonging to victim's brother[4] in renting a car in San Francisco.

We conclude from our examination of the record that the error, if any, did not contribute to the verdict obtained and therefore was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18 (1967); *State v. Huihui, III, supra.*

## II.

Appellant was sentenced to life imprisonment with possibility of parole under HRS § 706-606(b) which provides:

> *Sentence for offense of murder.* The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases *the court shall impose the maximum length of imprisonment* as follows:
>
> . . . .
>
> (b) Life imprisonment with possibility of parole or twenty years as the court determines, in all other cases. The minimum

---

[2] Appellant also told another maid in the late morning of January 4 that his friend (victim) was sleeping.

[3] The credit card was given to victim by his father.

[4] The credit card was given to victim by his brother.

length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669. (Emphasis added.)

Appellant argues that § 706-606 is unconstitutional because it fails to set forth criteria for a sentencing judge to consider before imposing a life sentence or a twenty-year sentence. *See State v. Huelsman*, 60 Haw. 71, 588 P.2d 394 (1978). *See also United States v. Velazquez*, 482 F.2d 139 (2d Cir. 1973). We find no merit to his argument. As we read § 706-606, it requires the sentencing judge to impose the maximum penalty of life imprisonment with possibility of parole, except that the sentencing judge is given the discretion to reduce it to twenty years if there are mitigating factors or circumstances which would warrant a lesser sentence. We find no constitutional infirmity in such a sentencing scheme. We also find from the record that the trial judge did not abuse his discretion in failing to impose a twenty-year sentence upon appellant.

Affirmed.

*Philip H. Lowenthal (Joel E. August* with him on the reply brief, *Lowenthal & August)* for defendant-appellant.

*Boyd P. Mossman,* Prosecuting Attorney, County of Maui, *(Artemio C. Baxa,* Deputy Prosecuting Attorney, on the brief), for plaintiff-appellee.