NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29771

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD B. RAPOZO, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0003; CRIMINAL NO. 51915)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Petitioner-Appellant Richard B. Rapozo (**Rapozo**) appeals the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing, filed on March 31, 2009 (**Order Denying Post-Conviction Relief**) in the Circuit Court of the First Circuit (**Circuit Court**).[1]

On May 16, 1979, Rapozo was found guilty of Murder, in violation of Hawaii Revised Statutes (**HRS**) 707-701 (1976). Rapozo was sentenced to a term of life imprisonment with the possibility of parole.  On October 15, 1980, in Appeal No. 7412, this court affirmed Rapozo's conviction.  State v. Rapozo, 1 Haw. App. 255, 617 P.2d 1235 (1980).

On January 24, 2008, Rapozo filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**) (S.P.P. No. 08-1-0003), pursuant to Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40.  Rapozo claimed, *inter alia*, that his maximum term of imprisonment (or parole) should have been 20 years and that he is being held beyond the maximum expiration date of his sentence.  On appeal, Rapozo raises essentially the same arguments, as well as additional contentions not raised in the Petition.  Issues not raised by Rapozo in the

_____

[1]    The Honorable Richard K. Perkins presided.

Petition will not be reviewed on this appeal. <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).[2/]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rapozo's points of error as follows:

In 1979, Rapozo was properly sentenced in accordance with HRS § 706-606(b) (1976) to life with possibility of parole. Rapozo is not being held beyond the expiration of his maximum sentence. Rapozo's arguments to the contrary are wholly without merit.

Accordingly, the Circuit Court's March 31, 2009 Order Denying Petition for Post-Conviction Relief is affirmed.

DATED: Honolulu, Hawaiʻi, June 28, 2010.

On the briefs:

Richard B. Rapozo
Petitioner-Appellant Pro Se

Diane K. Taira
Darcy H. Kishida
Deputy Attorneys General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[2/]    In addition, with respect to Rapozo's contentions regarding the trial judge's competency, "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived." HRPP Rule 40(a)(3).