**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000532
12-MAR-2021
07:57 AM
Dkt. 72 MO**

NO. CAAP-16-0000532

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RICHARD RAPOZO, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PR141000016)

**MEMORANDUM OPINION**
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Self-represented Petitioner-Appellant Richard Rapozo (**Rapozo**) appeals from the "Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (**Order Denying Rule 40 Petition**) entered by the Circuit Court of the First Circuit[1] on June 21, 2016.  For the reasons explained below, we affirm the Order Denying Rule 40 Petition.

**BACKGROUND**

On the evening of August 15, 1978, [Rapozo] was at the Waimanalo Gym.  He purchased a pistol outside the Gym and tucked it in his pants.  He consumed some beer during the course of the evening.  A girls' volleyball game was in progress in the Gym and [Rapozo] had been in the Gym playing with the girls for about an hour when he allegedly became obnoxious and was asked to leave.  As he walked away, he was confronted by one Robert Lee, whom he had never met.  Lee was fatally wounded by the first bullet fired from [Rapozo]'s gun which struck him in the stomach.  After Lee had fallen, [Rapozo] shot him two more times.

---

[1] The Honorable Richard K. Perkins presided.

State v. Rapozo, 1 Haw. App. 255, 256, 617 P.2d 1235, 1236 (1980) (**Rapozo I**).

### Criminal Case

On August 23, 1978, Rapozo was indicted for murder under Hawaii Revised Statutes (**HRS**) § 707-701 (1976). The statute provided:

> **§ 707-701 Murder.** (1) Except as provided in section 707-702 [Manslaughter], a person commits the offense of murder if [the person] intentionally or knowingly causes the death of another person.
>
> (2) Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section 706-606.

On April 10, 1979, a jury found Rapozo guilty as charged. At that time, HRS § 706-606 (1976) provided:

> **§ 706-606 Sentence for offense of murder.** The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:
>
> (a) Life imprisonment without possibility of parole in the murder of:
>
> > (i) A peace officer while in the performance of [their] duties, or
> >
> > (ii) A person known by the defendant to be a witness in a murder prosecution, or
> >
> > (iii) A person by a hired killer, in which event both the person hired and the person responsible for hiring the killer shall be punished under this subsection, or
> >
> > (iv) A person while the defendant was imprisoned.
>
> As part of such sentence the court shall order the director of the department of social services and housing and the Hawaii paroling authority to prepare an application for the governor to commute the sentence to life with parole at the end of twenty years of imprisonment.
>
> (b) Life imprisonment with possibility of parole or twenty years as the court determines, in all other cases. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

2

On May 16, 1979, the circuit court entered a **Judgment** sentencing Rapozo to life imprisonment with the possibility of parole. He was also ordered to pay "restitution in the amount of $11,109.33, the manner of payment to be determined and handled by the Department of Social Services and Housing."

### Hawaii Paroling Authority
### Sets Minimum Sentence

When Rapozo was sentenced HRS § 706-669 (1976) provided, in relevant part:

> (1)    When a person has been sentenced to an indeterminate or an extended term of imprisonment, the Hawaii paroling authority shall, as soon as practicable but no later than six months after commitment to the custody of the director of the department of social services and housing hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.

On October 9, 1979, the Hawaii Paroling Authority (**HPA**) set Rapozo's minimum sentence at 30 years, with the qualification that "[p]arole shall not be granted until judgement [sic] of restitution is satisfied."

### Direct Appeal

Rapozo appealed, claiming his trial counsel was ineffective. We affirmed the conviction, holding that the record as a whole was "insufficient to establish that there was ineffective assistance of counsel[.]" Rapozo I, 1 Haw. App. at 256, 617 P.2d at 1237. Rapozo also moved for a remand to the circuit court, claiming that "his testimony at trial, on the instructions of his then[-]attorney, was perjured and that actually, despite his detailed testimony as to the happening of the homicide, he was without memory of the shooting due to drunkenness." State v. Rapozo, 1 Haw. App. 660, 661, 617 P.2d 1237, 1238 (1980) (**Rapozo II**). We denied the motion. Id. at 662, 617 P.2d at 1239.

3

### First Rule 40 Petition

On May 8, 1981, Rapozo filed a "Petition for Post-Conviction Relief[,]" initiating S.P. No. 5490. He again argued ineffective assistance of counsel. The circuit court denied the petition. Rapozo appealed. The Hawaiʻi Supreme Court summarily affirmed the circuit court. Rapozo v. State, No. 8573 (Haw. June 26, 1984) (mem.).

### Habeas Corpus Petition

Rapozo was involved in a riot while incarcerated at the Hālawa Correctional Facility, and was transferred to federal custody in 1981. On June 3, 1988, Rapozo filed a "Petition for Writ of Habeas Corpus" in federal court, arguing that his trial and appellate counsel were ineffective, and that the trial judge was biased against him because the same judge had convicted his brother of murdering a witness in the case.[2] The petition was dismissed. Order Adopting Magistrate's Report and Recommendation, Rapozo v. Hawaiʻi, Civ. No. 88-00414DAE (D. Haw. Dec. 16, 1991).

### Second Rule 40 Petition

On August 13, 1993, Rapozo filed another "Petition for Post-Conviction Relief[,]" initiating S.P.P. No. 93-0048. He argued that the trial judge was biased against him, the police were negligent in their investigation, and his trial counsel was rewarded for his conviction with a position as a judge. The circuit court denied the petition. Rapozo did not appeal.

---

[2] Dana Rapozo was the defendant in State v. Rapozo, 2 Haw. App. 587, 637 P.2d 786 (1981). That case involved Dana Rapozo's direct appeal from his conviction for murdering a witness who implicated his brother, Richard Rapozo, in the murder of Robert Lee. Id. at 589 n.4, 637 P.2d at 788 n.4.

### 1995 Parole Hearing

On August 21, 1995, the HPA granted Rapozo's application to reduce his minimum term from 30 years to 28 years. His minimum term was to expire on August 10, 2006.[3]

### Third Rule 40 Petition

On July 11, 1997, Rapozo filed another "Petition for Post-Conviction Relief[,]" initiating S.P.P. No. 97-0016. He argued that his trial counsel was ineffective, the State mislead the jury by withholding material evidence, and he was denied the right to confront potential witnesses. The circuit court denied the petition. Rapozo appealed. We summarily affirmed the circuit court. Rapozo v. State, 90 Hawaiʻi 502, 979 P.2d 98 (Table) (App. 1999).

### Motion to Correct Sentence

On January 12, 1999, Rapozo filed a "Brief in Support of Motion to Correct Sentence." He argued that the statute under which he was convicted, HRS § 707-701, has been amended since the time of his sentence. He contended that the crime of which he was convicted did not fall within the scope of the then-current version of HRS § 707-701 (1993), Murder in the First Degree. He argued that his sentence should be corrected to reflect the term of imprisonment imposed by HRS § 706-656, the statute then governing the penalty for Murder in the Second Degree, HRS § 707-701.5. The circuit court denied the petition, noting that HRS § 707-701 was amended, and HRS § 707-701.5 (Murder in the Second Degree) was added, by 1986 Haw. Sess. Laws Act 314, § 50 at 616, and the court "cannot retroactively apply HRS § 707-701.5[.]" The circuit court held:

---

[3]    Rapozo states, in his June 9, 2014 motion for revocation of restitution, "In 2006, the HPA raised [his] minimum term of sentence back to 30 years without providing any specific reason for the increase[.]" The record does not contain any documentation of an increased minimum term.

In essence, Rapozo asks this court to correct his sentence to reflect the sentence of an offense (Murder in the Second Degree) that did not exist at the time Rapozo was indicted, convicted and sentenced. Rapozo's request presents the issue of whether this court can retroactively apply HRS § 707-701.5 (1993), which took effect on January 1, 1987, to correct Rapozo's sentence, which was imposed on May 16, 1979.

HRS § 1-3 (1993) states that "[nlo law has any retrospective operation, unless otherwise expressed or obviously intended." The general rule is that "[sltatutes or regulations which say nothing about retroactive application are not applied retroactively if such a construction will impair existing rights, create new obligations or impose additional duties with respect to past transactions." Clark v. Cassidy, 64 Haw. 74, 77, n.6, 636 P.2d 1344, 1346, n.6 (1981). Because Act 314 took effect on January 1, 1987[,] and because HRS § 707-701.5 (1993) does not mention retroactive application, this court cannot correct Rapozo's sentence to conform with the provisions of HRS § 707-656 (1993), the sentence required by HRS § 707-701.5 (1993).

On May 16, 1979, Rapozo was sentenced to life imprisonment with the possibility of parole. This sentence was correct according to the law as it existed at that time.

Rapozo appealed. The supreme court dismissed the appeal after Rapozo failed to file an opening brief. State v. Rapozo, No. 22327 (Haw. Sept. 9, 1999).

**Fourth Rule 40 Petition**

On January 5, 2006, Rapozo filed a request for "Revocation of Restitution Forms" in his criminal case. The circuit court construed the filing as a non-conforming petition for post-conviction relief under Rule 40(c)(2) of the Hawai'i Rules of Penal Procedure (**HRPP**) and created S.P.P. No. 06-1-0040. The circuit court gave Rapozo 60 days to supplement his non-conforming petition, and sent HRPP forms A and B to Rapozo to complete. Rapozo did not return the forms. Accordingly, the circuit court dismissed the non-conforming petition. Rapozo did not appeal.

**2006 Parole Hearing**

On October 23, 2006, the HPA denied Rapozo's request for parole because it was not convinced Rapozo could

6

substantially comply with the terms and conditions of parole. HPA recommended that Rapozo participate in work furlough. A rehearing was scheduled for July 2007.

### 2007 Parole Hearing

On July 24, 2007, the HPA denied Rapozo's request for parole because it was not convinced Rapozo could substantially comply with the terms and conditions of parole. HPA recommended that Rapozo "participate in all RAD recommended programs."[4] A rehearing was scheduled for June 2008.

### Fifth Rule 40 Petition

On January 24, 2008, Rapozo filed another "Petition for Post-Conviction Relief" (**2008 Rule 40 Petition**), initiating S.P.P. No. 08-1-0003. He argued that his First Amendment rights were violated by application of ex post facto laws, the HPA and Department of Public Safety (**DPS**) refused to release him after the expiration of what should have been his maximum term sentence, he was falsely imprisoned, and ex post facto law changes were applied without notification of change or application. The circuit court denied the petition. Rapozo appealed. We affirmed, holding:

> In 1979, Rapozo was properly sentenced in accordance with HRS § 706-606(b) (1976) to life with possibility of parole. Rapozo is not being held beyond the expiration of his maximum sentence. Rapozo's arguments to the contrary are wholly without merit.

Rapozo v. State, No. 29771, 2010 WL 2565125, at *1 (Haw. App. June 28, 2010) (SDO).

### 2008 Parole Hearing

On June 26, 2008, the HPA denied Rapozo's request for parole because it was not convinced Rapozo could substantially comply with the terms and conditions of parole. HPA recommended

---

[4] The record does not reflect what the acronym RAD means.

that Rapozo "participate in all RAD recommended programs." A rehearing was scheduled for May 2009.

### 2009 Parole Hearing

On May 20, 2009, the HPA denied Rapozo's request for parole because it was not convinced Rapozo could substantially comply with the terms and conditions of parole. HPA recommended that Rapozo "participate in work furlough." A rehearing was scheduled for April 2010.

### Sixth Rule 40 Petition

On May 26, 2009, Rapozo filed a "Petition for Writ of Habeas Corpus[.]" The circuit court construed the filing as a non-conforming petition for post-conviction relief under HRPP Rule 40(c)(2) and created S.P.P. No. 09-1-0022. The circuit court gave Rapozo 60 days to supplement his non-conforming petition, and sent Rapozo the form to complete. Rapozo did not complete or return the form. Accordingly, the circuit court dismissed the non-conforming petition. Rapozo did not appeal.

### 2010 Parole Hearing

On April 22, 2010, the HPA denied Rapozo's request for parole. HPA stated, "Your participation in work furlough while incarcerated will significantly enhance your success on parole." A rehearing was scheduled for January 2011.

### Second Habeas Corpus Petition

On August 30, 2010, Rapozo filed an "Amended Petition for a Writ of Habeas Corpus" in federal district court. The federal district court transferred the petition to the Ninth Circuit Court of Appeals because "only the Ninth Circuit can authorize this court to consider a second or successive petition for writ of habeas corpus[.]" The Ninth Circuit denied authorization for a second habeas corpus petition. Order at 1, Rapozo v. Bennett, No. 10-73221 (9th Cir. Jan. 12, 2011).

### 2011 Parole Hearing

On March 28, 2011, the HPA denied Rapozo's request for parole because it was not convinced Rapozo could substantially comply with the terms and conditions of parole. HPA recommended that Rapozo "participate in work furlough." A rehearing was scheduled for February 2012.

### Seventh Rule 40 Petition

On January 10, 2012, Rapozo filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for [sic] Custody[,]" initiating S.P.P. No. 12-1-0003. The petition stated 14 grounds for relief. The circuit court dismissed the petition, finding that:

> All fourteen grounds raised by Petitioner were in fact already raised and ruled upon either in Petitioner's direct appeal, or in one of his four prior Rule 40 Petitions cited above[5] and their respective appeals. Even assuming, arguendo, that any of the fourteen grounds were not raised in Petitioner's prior Rule 40 Petitions or his direct appeal, they are deemed waived as Petitioner has failed to allege facts establishing the existence of extraordinary circumstances to justify the failure to raise them in the earlier proceedings.

Rapozo appealed. We dismissed the appeal after Rapozo failed to file an opening brief. Rapozo v. State, No. CAAP-12-000054, 2013 WL 1490431 (Haw. App. Apr. 11, 2013).[6]

---

[5] The circuit court took judicial notice of Rapozo I and the records and files in S.P.P. Nos. 5490 (the first Rule 40 petition), 93-0048 (the second Rule 40 petition), 97-0016 (the third Rule 40 petition), and 08-1-0003 (the fifth Rule 40 petition).

[6] In addition to the ten proceedings described above, Rapozo also initiated proceedings that resulted in: Order [Denying Petition for Writ of Mandamus], Rapozo v. State, No. 29047, 2008 WL 923291 (Haw. Mar. 24, 2008); Order Denying Petition for Writ of Mandamus and Dismissing Action Pursuant to 28 U.S.C. § 1915A(b), Rapozo v. Hawaiʻi, Case 1:08-cv-00191-HG-BMK (D. Haw. May 2, 2008); Order [Denying Petition for Writ of Mandamus], Rapozo v. Perkins, No. 29667, 2009 WL 714308 (Haw. Mar. 13, 2009); Order [Denying Petition for Writ of Habeas Corpus], Rapozo v. Frank, No. 29718, 2009 WL 990850 (Haw. Apr. 9, 2009); Order [Denying Petition for Writ of Habeas Corpus], Rapozo v. State, No. 29949, 2009 WL 2477517 (Haw. Aug. 7, 2009); and Order [Denying Petition for Writ of Habeas Corpus], Rapozo v. State, No. 30604, 2010 WL 2844082 (Haw. July 15, 2010).

### 2012 Parole Hearing

On August 28, 2012, the HPA denied Rapozo's request for parole because it was not convinced Rapozo could substantially comply with the terms and conditions of parole. HPA recommended that Rapozo "participate in all RAD recommended programs." A rehearing was scheduled for July 2013.

### 2013 Parole Hearing

On July 29, 2013, the HPA denied Rapozo's request for parole. HPA stated, "Your participation in work furlough while incarcerated will significantly enhance your success on parole." A rehearing was scheduled for June 2014.

### Eighth Rule 40 Petition

On June 9, 2014, a self-represented Rapozo filed "Defendant's Motion for Revocation of Restitution[.]" As summarized by the circuit court:

> In this, Petitioner's eighth Rule 40 petition, he raises two general grounds for relief: 1) that his constitutional rights are being violated by the Hawaii Paroling Authority ("HPA") by their denial of parole due to his non-payment of restitution, and secondarily that his restitution has been more than satisfied under HRS §§ 706-644 ["Consequences of nonpayment; imprisonment for contumacious nonpayment; summary collection"] and 706-645 ["Revocation of fine or restitution"] and should be "revoked;" [sic] and 2) that his sentence is illegal because a) he was sentenced to an extended term of imprisonment when he received a life term with parole instead of twenty years; b) restitution was not an authorized sentence for murder under HRS §§ 706-605 (1978) and 706-606 (1976); and c) even if it was, the court could not delegate the determination of the manner of payment to the Department of Social Services and Housing.

The circuit court construed the motion as a non-conforming HRPP Rule 40(c)(2) petition for post-conviction relief and initiated S.P.P. No. 14-1-0016. As it had done in the past, the circuit court sent HRPP Forms A and B to Rapozo.[7] On July 18, 2014, Rapozo filed the "Petition to Vacate, Set Aside,

---

[7] HRPP Rule 40(c)(1) provides, in relevant part: "The petition shall be in substantially the form annexed to these rules."

or Correct Judgment or to Release Petitioner from Custody" (**2014 Rule 40 Petition**) which is at issue in this appeal.  The 2014 Rule 40 Petition incorporated the Motion for Revocation of Restitution.

Respondent-Appellee State of Hawaiʻi — through the Office of the Prosecuting Attorney of the City and County of Honolulu — requested and received two extensions of time to respond to Rapozo's petition.  The declaration submitted in support of the second extension stated: "Declarant was recently informed of a policy change regarding restitution matters, an issue raised in the Petition, which could affect the State's response."  The State's answer to the 2014 Rule 40 Petition was filed by the Prosecuting Attorney's office on January 29, 2015.  It contained 22 appendices setting forth most of the background described above.  It did not mention any "policy change regarding restitution matters[.]"

On April 4, 2016, the State — through its Attorney General — filed an answer to the 2014 Rule 40 Petition.[8]  Rapozo moved to strike the Attorney General's answer; his motion also responded to the Attorney General's substantive arguments.  The record does not contain a ruling by the circuit court on Rapozo's motion to strike.  On April 29, 2016, the Attorney General submitted a declaration of then-HPA administrator Tommy Johnson and additional documents in support of its answer to the 2014 Rule 40 Petition.  The additional documents included HPA denials of parole for 2014, 2015, and 2016.

On June 21, 2016, the circuit court entered the Order Denying Rule 40 Petition without conducting a hearing.  This appeal followed.

---

[8]     The Attorney General's office maintained that it was not served with the 2014 Rule 40 Petition until February 18, 2016, when it received a filed copy from the circuit court.  In response, Rapozo submitted a copy of his Saguaro Correctional Center Inmate Mail History showing that he mailed legal documents to the circuit court, the Attorney General's office, and the Prosecuting Attorney's office on January 13, 2015.  It appears from the record that the legal document served on January 13, 2015, was actually Rapozo's motion to schedule a hearing on the 2014 Rule 40 Petition, not the petition itself.

**STANDARD OF REVIEW**

We review an order denying an HRPP Rule 40 petition without a hearing de novo, using the right/wrong standard of review. Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994). "The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court." Lewi v. State, 145 Hawaiʻi 333, 345, 452 P.3d 330, 342 (2019) (citation omitted). To establish a colorable claim of illegal sentence, the allegations of the petition must show that if taken as true the facts alleged would change the petitioner's sentence; however, a petitioner's conclusions need not be regarded as true. See id.

**DISCUSSION**

Rapozo's opening brief lists 14 points of error. We address them in order.

**(1)** Rapozo contends:

[The sentencing court] committed plain error by sentencing [Rapozo] to pay [an] amount of restitution without first determining the amount of restitution was one of which [Rapozo] could afford to pay.

The "afford to pay" issue was not raised in either the Motion for Revocation of Restitution or the 2014 Rule 40 petition. We will not consider it for the first time on this appeal. Dan, 76 Hawaiʻi at 431, 879 P.2d at 536 (holding that the court will not consider an assertion raised for the first time on appeal).

**(2)** Rapozo contends:

[The] Circuit Court of the First Circuit committed error by delegating payment of [Rapozo's] Order of Restitution to another person or entity whom [sic] was not the trier of fact.

The Judgment required that Rapozo pay "restitution in the amount of $11,109.33, the manner of payment to be determined

and handled by the Department of Social Services and Housing [(**DSSH**)]." Rapozo cites no authority to support his argument that the manner of payment of restitution must be decided by <u>the trier of fact</u>, and we find none. <u>But cf.</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) (holding that "any fact that <u>increases the penalty for a crime beyond the prescribed statutory maximum</u> must be submitted to a jury, and proved beyond a reasonable doubt.") (underscoring added).

Rapozo argues that the sentencing court erred by delegating determination of the manner of payment to DSSH, citing <u>State v. Gaylord</u>, 78 Hawai'i 127, 890 P.2d 1167 (1995). The circuit court noted that <u>Gaylord</u> was based upon <u>State v. Johnson</u>, 68 Haw. 292, 711 P.2d 1295 (1985) in which the supreme court held: "Without express legislative authority, the court cannot delegate the sentencing function to another person or entity." <u>Johnson</u>, 68 Haw. at 297, 711 P.2d at 1299. <u>Johnson</u> was decided after Rapozo's sentence was affirmed on direct appeal. To paraphrase the circuit court, "The question, then, is whether the ruling in <u>Johnson</u> applies retroactively to [Rapozo]'s sentence on collateral attack."

The controlling precedent is <u>State v. Gomes</u>, 107 Hawai'i 308, 113 P.3d 184 (2005). In that case the Hawai'i Supreme Court adopted the analytical framework of the United States Supreme Court in <u>Teague v. Lane</u>, 489 U.S. 288 (1989):

> In <u>Teague v. Lane</u>, the Supreme Court held that new constitutional rules of criminal procedure that had not been announced at the time the defendant's conviction became final cannot be applied retroactively on collateral review unless they fit within one of two narrow exceptions.
>
> These exceptions exist if a new rule (1) "places certain kinds of primary private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty."
>
> Thus, in order to apply the [new] rule . . . retroactively, we must determine that [it] is a new rule of criminal procedure that fits into one of <u>Teague's</u> exceptions.

Gomes, 107 Hawai'i at 313, 113 P.3d at 189 (quoting United States
v. Sanchez-Cervantes, 282 F.3d 664, 667 (9th Cir. 2002))
(reformatted) (second ellipsis added).

Johnson announced a new rule — five years after
Rapozo's conviction and sentence became final — that does not
fall within either of the Teague exceptions.  It cannot be
retroactively applied to collaterally challenge Rapozo's
sentence.  The circuit court did not err by denying Rapozo's
request for relief without a hearing.

**(3)**  Rapozo contends:

> [The] Circuit Court of the First Circuit committed error by
> failing to address [Rapozo]'s factual Claims [sic] of
> restitution challenge brought pursuant to HRS § 706-645
> within the instant Petition on appeal.

The circuit court's Order Denying Rule 40 Petition cited HRS
§ 706-655 rather than HRS § 706-645, but the text of the order
quotes HRS § 706-645 and shows that the circuit court's reference
to HRS § 706-655 was a typographical error.

HRS § 706-645 (2014) provides:

> (1)   A defendant who has been sentenced to pay a fine or
> restitution and who is not in contumacious default in the
> payment thereof may at any time petition the court which
> sentenced the defendant for a revocation of the fine or
> restitution or of any unpaid portion thereof.
>
>      (2)   If it appears to the satisfaction of the court
> that the circumstances which warranted the imposition of the
> fine or restitution have changed, or that it would otherwise
> be unjust to require payment, the court may revoke the fine
> or restitution or the unpaid portion thereof in whole or in
> part.  Prior to revocation, the court shall afford the
> prosecuting attorney an opportunity to be heard.

(Underscoring added.)  The statute authorizes the circuit court
"to alter, amend, or revoke restitution orders on the basis of
unforeseen or changed circumstances[.]"  Gaylord, 78 Haw. at 153
n.50, 890 P.2d at 1193 n.50.  A petition under HRPP Rule 40 is
the appropriate way to seek relief under HRS § 706-645.  See
State v. Kealoha, 142 Hawaiʻi 46, 63, 414 P.3d 98, 115 (2018).
The circuit court held that Rapozo "presented absolutely no
evidence of a change in circumstances or that requiring payment

14

would be unjust." On the record before us, we agree. The circuit court did not err by denying Rapozo's request for relief under HRS § 706-645 without a hearing.

**(4)** Rapozo contends:

> [The] Circuit Court of the First Circuit committed error by determining that restitution requirement pertaining to the "amount of restitution must be one in which defendant can afford to pay" was not a requirement available to [Rapozo] in the year 1979.

As stated in section (1), the "afford to pay" issue was not raised in the 2014 HRPP Rule 40 Petition; the issue raised (in the Motion for Revocation of Restitution) was whether the sentencing court improperly <u>delegated</u> "the determination of the manner of payment of restitution to another person or entity." We will not consider the "afford to pay" issue for the first time on appeal. <u>Dan</u>, 76 Hawaiʻi at 431, 879 P.2d at 536.

**(5)** Rapozo contends:

> [The] Hawaii Paroling Authority, by Order, has committed error in disallowing [Rapozo]'s possibility of parole for non-payment of a fee, fine or restitution.

The circuit court found that the record contains "no evidence to support the conclusion that [Rapozo] has been denied parole due to his nonpayment of restitution[.]"[9] HPA's October 9, 1979 "Notice and Order Fixing Minimum Term(s) of Imprisonment" (Appendix D to Rapozo's Motion for Revocation of Restitution) did state that "Parole shall not be granted until judgement [sic] of restitution is satisfied." However, none of the 11 HPA parole decisions in the record makes any reference to payment of restitution as a condition of parole. In addition, this argument has been waived. It challenges an HPA parole decision; it does

---

[9] Appended to Rapozo's reply brief were several documents purporting to show that he is being denied parole because has not satisfied his sentence of restitution. None of those documents were presented to the circuit court with Rapozo's 2014 Rule 40 Petition, so we cannot consider them on this appeal. <u>See</u> Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief[.]").

not implicate an illegal <u>sentence</u> imposed by the circuit court, it was not raised in any of Rapozo's seven previous HRPP Rule 40 petitions, and Rapozo has not shown "the existence of extra-ordinary circumstances to justify [his] failure to raise the issue" previously. <u>See</u> HRPP Rule 40(a)(3). The circuit court did not err by denying Rapozo's request for relief without a hearing.

**(6)** Rapozo contends:

[The] Hawaii Paroling Authority has committed error by denying [Rapozo] parole repeatedly within the past 13 years for reason of "RAD recommendations" (Reception Assessment & Diagnostics) — in that, [Rapozo] has never been returned to Hawaii by the Department of Public Safety to participate in, nor [sic] complete this "Hawaii Program" which did not exist prior to [Rapozo]'s removal from the State by the State of Hawaii Department of Public Safety.

This issue was not raised in either the Motion for Revocation of Restitution or the 2014 Rule 40 petition. We will not consider it for the first time on appeal. <u>Dan</u>, 76 Hawaiʻi at 431, 879 P.2d at 536.

**(7)** Rapozo contends:

[The] Hawaii Paroling Authority has committed error by denying [Rapozo] parole repeatedly within the past 13 years for failure to complete or participate in Work Furlough Program . . . when this program is only available in the State of Hawaii . . . and, [Rapozo] has not ever been returned to the State of Hawaii to be able to participate in this "Hawaii" program.

The State contends this issue was not raised below, but it is mentioned in passing on page 10 of Rapozo's Motion for Revocation of Restitution, and we construe Rapozo's pleadings liberally because he is self-represented. The record shows that Rapozo was denied parole in every year from 2006 (when he became eligible) until 2016. The documents show that parole was denied in 2006, 2007, 2008, 2009, 2011, 2012, 2014, 2015, and 2016 because HPA "is not convinced that [Rapozo] can substantially comply with the terms and conditions of parole."

The 2010 and 2013 denials stated:

> REASON FOR DENIAL:  Your participation in work furlough
> while incarcerated will significantly enhance your success
> on parole.

These denials were not based upon Rapozo's failure to participate in the work furlough program; they are consistent with a continuing assessment by HPA that Rapozo is unable to "substantially comply with the terms and conditions of parole[,]" but that his participation in work furlough programs would "significantly enhance" his ability to "substantially comply with the terms and conditions of parole."  The circuit court did not err by denying this claim without a hearing.

**(8)**  Rapozo contends:

> [The] Hawaii Paroling Authority has committed prejudicial
> error in violation of Hawaii Revised Statutes § 353H-7 and
> § 706-670 in not returning [Rapozo] to the State of Hawaii
> to participate in Work Furlough program for reasons given
> that, "no room" existed on approximately 40 plane flights to
> return [Rapozo] to Hawaii, or that the program was "too
> full" for the past 13 years to accommodate [Rapozo].

These issues were not raised in either the Motion for Revocation of Restitution or the 2014 Rule 40 petition.  We will not consider them on this appeal.  Dan, 76 Hawaiʻi at 431, 879 P.2d at 536.

**(9)**  Rapozo contends:

> It was error of the Circuit Court of the First Circuit to
> allow extremely late response to [Rapozo]'s Petition by the
> State of Hawaii Attorney General without their submittal
> [sic] and approval of Leave to Respond.

Rapozo's opening brief contains no argument on this point, which we deem waived.  See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

**(10)** Rapozo contends:

> It was error of the Circuit Court of the First Circuit not
> to address the perjury committed by Hawaii Paroling
> Authority Administrator Tommy Johnson within sworn
> affidavit.

Johnson did not swear out an affidavit; he signed a declaration under penalty of perjury.  The State argues that Rapozo's claim of perjury is "not supported by the evidence" but concedes that "Mr. Johnson may have been misled by Rapozo's criminal record."[10]  The issue before the circuit court was whether the factual allegations in the 2014 HRPP Rule 40 Petition, if taken as true, established a colorable claim of illegal sentence.  See Lewi, 145 Hawaiʻi at 345, 452 P.3d at 342.  The veracity of Johnson's declaration, or lack thereof, was not material to that determination.  The circuit court did not need to address Rapozo's allegations of perjury to properly rule on Rapozo's 2014 HRPP Rule 40 Petition.

> **(11)** Rapozo contends:
>
> It was constitutional error to sentence [Rapozo] to Hawaii Revised Statute § 706-606(b) which allowed arbitrary selection of multiple punishments without specific differentiating [sic] elements of legislative instruction depicting separation of higher and lower degrees of punishment.

When Rapozo was sentenced, HRS § 706-606 provided, in relevant part:

> **§ 706-606  Sentence for offense of murder**.  The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment.  In such cases the court shall impose the maximum length of imprisonment as follows:
>
> . . . .
>
> (b)   Life imprisonment with possibility of parole or twenty years as the court determines, in all other cases.  The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

Rapozo argues that the option to sentence a defendant to "[l]ife imprisonment with the possibility of parole or twenty

---

[10]    Johnson's declaration incorrectly states that Rapozo "was serving a concurrent sentence for a federal offense at a federal prison when his minimum term expired[.]"  The record does not show that Rapozo was convicted of a federal offense; he was transferred to a federal prison after he was involved in a riot at the Hālawa Correctional Facility.

years as the court determines" is illegal because it "provides no specific legislative intent as to which punishment application of the greater 'life with the possibility of parole', [sic] or lesser 'twenty year' punishments is to occur[.]".  The same argument was made by the defendant in State v. Heard, 64 Haw. 193, 638 P.2d 307 (1981).  In that case the Hawaiʻi Supreme Court held:

> Appellant argues that [§] 706-606 is unconstitutional because it fails to set forth criteria for a sentencing judge to consider before imposing a life sentence or a twenty-year sentence.  We find no merit to his argument.  As we read [§] 706-606, it requires the sentencing judge to impose the maximum penalty of life imprisonment with possibility of parole, except that the sentencing judge is given the discretion to reduce it to twenty years if there are mitigating factors or circumstances which would warrant a lesser sentence.  We find no constitutional infirmity in such a sentencing scheme.

Id. at 195, 638 P.2d at 309 (citations omitted).  Rapozo's point lacks merit.

**(12)** Rapozo contends:

> It was error of the Circuit Court of the First Circuit to determine [Rapozo]'s maximum term sentence; and, error of the Hawaii Paroling Authority to determine Appellant's minimum term sentence when neither circuit court nor paroling authority were the trier of fact.  In Appellant's case Cr. No. 51915, jury was the trier of fact.

This point is without merit.  The circuit court is statutorily required to impose sentence.  HRS §§ 706-605, 606.  HPA is statutorily required to "make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole."  HRS § 706-669.

**(13)** Rapozo contends:

> [The] State of Hawaii has committed prejudicial error in keeping [Rapozo] away from the State of Hawaii, and [Rapozo]'s family for nearly 40 years.  [Rapozo] was unable to see his own mother prior to her death in 2016; and, has been kept at distance away from those whom offer [Rapozo] the most support and assistance in a successful community re-entry.

These issues were not raised in either the Motion for Revocation of Restitution or the 2014 Rule 40 petition.  We will not consider them on this appeal.  <u>Dan</u>, 76 Hawaiʻi at 431, 879 P.2d at 536.

**(14)** Rapozo's final point of error states:

> [The] Circuit Court of the First Circuit has committed error by not only denying [Rapozo] a hearing upon the submitted facts of Federal and State of Hawaii Constitutional violation as mandated by Hawaii Rules of Penal Procedure Rule 40(f), but also failed to address [Rapozo]'s Claims [sic] of illegal sentence brought pursuant to Hawaii Rules of Penal Procedure Rule 35 as being incorporated within Hawaii Rules of Penal Procedure Rule 40.

Rapozo's point is unclear.  HRPP Rule 35 provides, in relevant part:

> **(a) Correction of Illegal Sentence.**  The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.  A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules.

The Motion for Revocation of Restitution giving rise to this appeal was filed on June 9, 2014, more than 90 days after Rapozo was sentenced (on May 16, 1979).  Accordingly, the circuit court did not err by treating the motion as a non-conforming HRPP Rule 40 petition under HRPP Rule 40(c)(2).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

CONCLUSION

For the foregoing reasons, the Order Denying Rule 40 Petition entered by the circuit court on June 21, 2016, is affirmed.

DATED:  Honolulu, Hawaiʻi, March 12, 2021.

On the briefs:

Richard Rapozo,
Self-represented
Petitioner-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Lisa M. Itomura,
Diane K. Taira,
Deputy Attorneys General,
State of Hawaiʻi,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge